## CROSLEY CORPORATION v. HAZELTINE CORPORATION.

### Civ. A. No. 783.

District Court, D. Delaware.
May 23, 1946.

Morris, Steel, Nicholas & Arsht, of Wilmington, Del., for plaintiff.

Arthur G. Connolly, of Wilmington, Del., and Leonard A. Watson and Laurence B. Dodds, both of New York City, for defendant.

KIRKPATRICK, District Judge.

This is a civil action for a declaratory judgment and asks that eleven patents, having to do with radio receiving sets and owned by the defendant at the time the complaint was filed, be declared invalid and not infringed by the plaintiff. The motion is to dismiss the action, but both sides filed affidavits and at the argument it was agreed that the Court might treat the motion as one for summary judgment by the defendant, under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c. The question is whether an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C.A. § 400, exists.

The undisputed fact is that in 1941, following charges of infringement and threats of suit by the defendant, the plaintiff brought a prior action in this court seeking the same relief as in the present one, and the defendant counterclaimed for infringement.

The patents touched upon certain features of military and radar apparatus. The war was absorbing the entire capacity of the parties and the entire time of the experts and technicians in their research and development departments and, when this Court declined to postpone the trial of the case indefinitely, the Navy Department requested that an end be put to the litigation in order to get the full cooperation of both parties during the period of the emergency. After that, of course, the Navy had no interest in the direction in which the parties might apply their energies. As a result of the request, on April 17, 1944, the parties exchanged mutual releases, limited however to claims arising prior to the date of the releases. Following this, on May 5, 1944, the suit was dismissed, without prejudice to the future rights of the plaintiff or the defendant.

The manufacture of radio receivers and their sale to the general public had been entirely discontinued during the war by government order and were not resumed until the rescission of that order a short time before the complaint in the present suit was filed.

The plaintiff has commenced manufacturing and proposes to continue full scale manufacture and sale of radio sets in all material respects like those which constituted the subject matter of the 1941 suit.

On the foregoing facts alone, I think it clear that an actual controversy existed when this complaint was filed. Five years ago it was sufficiently substantial and acute to produce a major lawsuit. True, there was a suspension of hostilities and the lawsuit was terminated, but the limited scope of the releases and the express reservation of future rights when the suit was dismissed show that the parties had no intention of extinguishing the controversy, of which the suit was merely one development. The defendant abandoned its claim against the plaintiff for reparation, arising from the plaintiff's operations prior to 1941, but it has never abandoned or receded from its asserted position that the plaintiff's product infringes its patents, and the plaintiff has never acquiesced in the defendant's claim in this respect.

The affidavits present a number of additional facts, some of which are in dispute, but in view of the situation existing between the parties, the issues raised by them are not material issues. Neither the statement in the defendant's affidavits that it has no knowledge of the plaintiff's present intention with respect to the future manufacture and sale of radio receivers nor the disputed point, whether or not the plaintiff has actually sold any receivers to the public, is of any importance, inasmuch as it is unquestioned that the plaintiff proposes to do so and the defendant has already charged it, both in and out of court, with infringing. The same is true of the plaintiff's assertion, also disputed, that a third manufacturer was recently advised by the defendant that the plaintiff would have to accept a license under its patents or stand suit for infringement. That was the defendant's original position and there is no suggestion that it has modified it. Regardless of all these matters, the history of the relations between these parties shows beyond question that an actual controversy exists.

The principles discussed and applied by the Circuit Court of Appeals for this circuit in the two cases of Treemond Co. v. Schering Corporation, 122 F.2d 702, and Dewey & Almy Chemical Co. v. American Anode, 137 F.2d 68, and the broad view which the Court in those cases took of the purposes and scope of the Declaratory Judgment Act make the conclusion reached in this case inevitable.

The motion to dismiss is denied.