## HAZELTINE CORPORATION v. KIRKPATRICK, District Judge, and three other cases.
### Nos. 9488–9491.

Circuit Court of Appeals, Third Circuit.
Argued Dec. 2, 1947.
Decided Jan. 7, 1948.

Lawrence B. Dodds, of New York City, and Leonard A. Watson, of New York City (Arthur G. Connolly, of Wilmington, Del., on the brief), for Hazeltine Corp. and Hazeltine Research, Inc.

Floyd H. Crews, of New York City (Samuel E. Darby, Jr., of New York City, and Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., on the brief), for intervenors Crosley Corporation and Emerson Radio and Phonograph Corporation.

Before BIGGS, MARIS and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The petitioner, Hazeltine Corporation, is the defendant in two actions pending and undetermined in the United States District Court for the District of Delaware. One was brought by Crosley Corporation and the other by Emerson Radio & Phonograph Corporation. Hazeltine Corporation asks this court for writs of prohibition and mandamus directed to the Honorable William H. Kirkpatrick, a district judge specially designated to sit in the district court to hear and dispose of these actions, requiring him to vacate various orders entered by the district court in these actions on May 31, 1946, August 28, 1946 and June 16, 1947 and to dismiss the actions, or, in the alternative, to direct that a separate trial be held on the issues of jurisdiction and estoppel which petitioner has raised. The petitioner, Hazeltine Research, Inc., asks this court by writs of prohibition and mandamus to direct Judge Kirkpatrick to vacate the order of June 16, 1947 in each action which granted plaintiffs' motion to join Hazeltine Research, Inc., as a party defendant. The actions filed by Crosley Corporation and Emerson Radio & Phonograph Corporation against Hazeltine Corporation seek declaratory judgments that certain patents owned by the defendant are invalid and not infringed by the manufacture and sale of radio receivers by the respective plaintiffs. The pleadings, issues and action taken by the court are substantially identical in each suit.

The defendant filed in each case a motion to dismiss the complaint on the ground that it did not involve a case of controversy. These motions were denied by the orders entered May 31, 1946. 66 F.Supp. 893. The defendant asserts that about three months after the complaints were filed it transferred its interest and rights in all its patents to Hazeltine Research, Inc., a wholly-owned subsidiary incorporated under the laws of Illinois. Shortly thereafter the defendant filed in each case a second motion to dismiss the complaint, this time for lack of jurisdiction of the subject matter in that the defendant no longer was the owner of the patents involved, whereas the owner of the patents was an indispensable party. These motions were denied by the orders of August 28, 1946. Meanwhile the plaintiffs had filed a motion in each suit asking that the court join Hazeltine Research, Inc., as a party defendant under Federal Rules of Civil Procedure, rule 25 (c), 28 U.S.C.A. following section 723c.

Hazeltine Research, Inc., appeared specially and opposed this motion averring that it had no place of business within the jurisdiction of the court. The plaintiffs' motions, however, were granted by the orders of June 16, 1947. On December 2, 1946 the defendant had filed in each case a motion under Civil Procedure Rule 42(b) asking for a separate trial of the issues (1) whether there was an actual controversy, (2) whether the court had jurisdiction over the action since the present owner of the patents, an indispensable party, was not before the court, and (3) whether the plaintiff was estopped from maintaining the action in view of an agreement of April 17, 1944. These motions were denied by the orders of June 16, 1947.

The power to issue writs of prohibition and mandamus is conferred upon the circuit courts of appeals by section 262 of the Judicial Code[1] when necessary for the exercise of their jurisdiction "and agreeable to the usages and principles of law." In Re Chicago, R. I. & Pac. Ry., 1921, 255 U.S. 273, 41 S.Ct. 288, 65 L.Ed. 631, the Supreme Court laid down the rules which govern the exercise of this power when necessary to prevent a district court from acting beyond its jurisdiction. The Court said that if the lower court is clearly without jurisdiction the writ will ordinarily be granted to one who at the outset objected to the jurisdiction, has preserved his rights by appropriate procedure and has no other remedy. If, however, the jurisdiction of the lower court is doubtful, or if the jurisdiction depends upon a finding of fact made upon evidence which is not in the record, or if the complaining party has an adequate remedy by appeal or otherwise, the writ will ordinarily be denied.[2] In Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185, the court pointed out that the inconvenience to the litigants which results from the circumstance that Congress has provided for review of the district court's orders only upon appeal from the final judgment does not of itself justify the granting of the writs.

We think that the application of these rules requires the denial of the writs sought by Hazeltine Corporation. Judge Kirkpatrick found that an actual controversy existed when the complaint was filed, that the issues did not become moot upon transfer of interest in the subject matter pendente lite by the defendant, or that the transfer divested the court of jurisdiction of the subject matter, and that the separate trial of certain issues as requested by the defendant was not necessary. If he erred in these rulings the defendant has a remedy by appeal from the final judgment ultimately entered. We cannot say that the defendant has shown that the district court's alleged want of jurisdiction is so far beyond doubt as to authorize our intervention at this stage of the proceedings.

We turn, then, to the petitions of Hazeltine Research, Inc. That corporation avers that the district court lacked jurisdiction to enter the orders of June 16, 1947 joining it as a party defendant and it asks that Judge Kirkpatrick be directed to vacate the orders. The defendant, Hazeltine Corporation, had asserted that the patents in suit had been transferred pendente lite to this petitioner. The district court thereafter granted plaintiffs' motions to join this petitioner as a defendant in accordance with Civil Procedure Rule 25(c), the material portion of which is as follows: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

We see no want of jurisdiction in the district court to enter the orders of June 16, 1947. On the contrary, the situation here disclosed is just that which Rule 25(c) contemplates. But in so stating we desire to make it clear that we are not holding that the district court necessarily has the power to compel Hazeltine Research, Inc., as an additional defendant to appear, answer and litigate its rights in these suits. That will depend, if there is no voluntary appearance,[3] upon whether the district

---

[1] 28 U.S.C.A. § 377.

[2] See In re Eastman Kodak Co., 3 Cir., 1931, 48 F.2d 125.

[3] Its special appearance to contest the jurisdiction did not give the court general jurisdiction over it. Orange Theatre Cor-

court has venue jurisdiction over it under section 51 of the Judicial Code,[4] the venue statute which is applicable to these suits.[5] For Rule 25(c) is subject to the qualification imposed by Civil Procedure Rule 82 that it shall not be construed to extend the jurisdiction of the district courts or the venue of actions therein. Nor are we determining the extent, if at all, that Hazeltine Research, Inc., as assignee pendente lite or as wholly owned subsidiary of Hazeltine Corporation, will be benefited or bound by any judgments which in its absence may be entered for or against Hazeltine Corporation in these suits. That, obviously, cannot be determined on these applications.

The petitions of Hazeltine Corporation and Hazeltine Research, Inc., for writs of prohibition and mandamus will be denied.

poration v. Rayherstz Amusement Corporation, 3 Cir., 1944, 139 F.2d 871. Certiorari denied, Orange Theatre Corporation v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

5 Webster Co. v. Society for Visual Education, 7 Cir., 1936, 83 F.2d 47; Crosley Corporation v. Westinghouse Elec. and Mfg. Co., 3 Cir., 1942, 130 F.2d 474, 476, certiorari denied Westinghouse Elec. and Mfg. Co. v. Crosley Corp., 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546,