**MONTECATINI SOCIETÁ GENERALE per L'INDUSTRIA MINERARIA e CHIMICA**

v.

**HUMBLE OIL & REFINING COMPANY and National Plastic Products Company.**

Civ. No. 16526.

United States District Court
D. Maryland.

Dec. 16, 1966.

Edward S. Irons, Irons, Birch, Swindler & McKie, Cox, Langford & Brown, Washington, D. C., and Benjamin C. Howard, Miles & Stockbridge, Baltimore, Md., for plaintiff.

Thomas F. Reddy, Jr., Pennie, Edmonds, Morton, Taylor & Adams, New York City, J. Martin McDonough and Piper & Marbury, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This case is before the Court on defendants' motion to add Enjay Chemical Company, a Delaware corporation (En-

jay), as a party defendant pursuant to Rule 25(c), F.R.Civ.P., which provides:

"Rule 25. Substitution of Parties

"(c) *Transfer of Interest.* In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

Enjay has consented to be so joined, but plaintiff (Montecatini) has objected to the joinder.

The complaint, filed herein on June 22, 1965, by Montecatini against Humble Oil & Refining Company (Humble) and National Plastic Products Company (National) alleges that said defendants have infringed U. S. Patent 3,112,300, for Isotactic Polypropylene, now owned by Montecatini, and seeks an injunction, an accounting, damages, costs and attorneys' fees.

The answer filed by Humble and National raises the usual issues of validity and infringement, and asserts misuse of the patent by Montecatini, both as a defense and as a counterclaim, but does not demand damages for the alleged misuse.

The following facts are not disputed. At all material times Humble has been a wholly owned subsidiary of Standard Oil Company, a New Jersey corporation (Standard). At the time when the complaint and answer respectively were filed and until June 1, 1966, Humble produced polypropylene,[1] through a division of Humble known as Enjay Chemical Company, which was not then a separate corporation, and sold it to National, which used it in the manufacture of various products. On or shortly before June 1, 1966, Enjay Chemical Company (Enjay) was incorporated in Delaware as a wholly owned subsidiary of Esso Chemical Company, Inc. (Esso), which is itself a wholly owned subsidiary of Standard.

On June 1, 1966, Enjay, the corporation, took over the facilities to produce polypropylene formerly owned by Humble. Since that date Enjay rather than Humble has produced and sold polypropylene. At the same time Enjay became the sole owner of the stock of National, which had been 50% owned by Humble until January 31, 1966, and 100% owned by Humble from that date until June 1, 1966.

It therefore appears that Humble, National and Enjay are all wholly owned subsidiaries of Standard or of some subsidiary of Standard. Since Enjay is the corporation now actively engaged in the manufacture and sale of polypropylene, it is natural that counsel representing all the Standard interests should desire that Enjay be made a party to this case, so that it may try to prevent the issuance of the injunction sought by plaintiff and to obtain the benefit of the injunction sought by the original defendants in their counterclaim.

Accordingly, Humble and National moved that Enjay be added as a party defendant pursuant to Rule 25(c), quoted above, and Enjay consented that it be so added. Enjay has also agreed to be bound by all the answers which have been made by Humble to interrogatories filed by Montecatini.

Ordinarily, a plaintiff would not object to the addition of another defendant, from whom it might recover damages and whose joinder would eliminate any doubt about whether the new defendant would be bound by any injunction the plaintiff might obtain. Indeed, Montecatini has recently joined Enjay as a party defendant in a similar action which Montecatini brought against Chevron Chemical Company, now pending in the Middle District of California. Plaintiff's objection to the joinder of Enjay as a party defendant in the Maryland action is part of a contest between counsel for Montecatini and counsel for the Standard interests as to whether (a) the Maryland case should be stayed until the

---

[1]. Montecatini claims that Humble's production of polypropylene infringed its patent, but Humble and National claim it did not so infringe.

California case is decided or (b) the California case should be transferred to Maryland.[2]

Montecatini's principal argument against the joinder of Enjay in the Maryland case runs as follows: (1) Enjay has no regular and established place of business in Maryland; (2) therefore, statutory venue of an action for patent infringement brought by Montecatini against Enjay in the District of Maryland would be lacking, 28 U.S.C.A. 1400 (b), and such an action could not be maintained unless Enjay waived the lack of venue; (3) that Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), holds that a case can be transferred under 28 U.S.C.A. 1404(a) only to a district where plaintiff might originally have brought the action as a matter of right; and (4) that Rule 25 (c) should be similarly construed, to prohibit the adding of a defendant in a district where statutory venue does not exist, even though such additional defendant waives the venue requirement.

The parties and the judges in the California case and in the Maryland case have agreed that the California judge shall first decide whether the California case *can* be transferred to Maryland.[3] Nothing in the present opinion is intended to intimate any opinion by this Court as to how the question pending in the California court should be decided. Of course, if it is held that Enjay has a regular and established place of business in Maryland, and that the California case *can* be transferred to Maryland, Montecatini's argument on the pending motion in this Maryland case would be without

factual basis. This opinion will be based upon the assumption that the first three propositions set out above should be decided in favor of Montecatini. It does not necessarily follow that the fourth proposition should likewise be decided in its favor.

■ Montecatini's fourth proposition is that Rule 25(c) should be construed to prohibit the adding of a defendant in a district where statutory venue with respect to such additional defendant does not exist, even though such additional defendant waives the venue requirement. In support of its argument Montecatini cites Rule 82, which provides: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." But it is the general rule, recognized in Hoffman v. Blaski, as well as in many other cases, that "venue, like jurisdiction over the person, may be waived." 363 U.S. at 343, 80 S.Ct. at 1089. The decision in Hoffman v. Blaski does not apply to an application to add a defendant under Rule 25(c), because that rule does not contain any limitation similar to that in 28 U.S.C.A. 1404(a).[4] Moreover, the only ground for adding a party under Rule 25(c) is that the person sought to be added, whether as a plaintiff or a defendant, 'has succeeded to the interest of an original party.

■ Few reported decisions discussing the provision in question have been found, no doubt because there is ordinarily no reason for any party to object to the litigation being conducted by the real party in interest. That is the pri-

2. Other possible solutions have been suggested by the judges before whom the cases are pending in the California and Maryland districts; various solutions will be considered further by those judges after the California court rules on the question whether there is any power in the California court to transfer the California case to the District of Maryland. Montecatini's motion to stay the Maryland case has been denied, without prejudice, so that discovery in both cases may proceed simultaneously.

3. Questions of the convenience of parties and witnesses and of the orderly disposition of judicial business can best be considered after (a) that question and (b) the question presented by the present motion in this Maryland case have been decided.

4. 28 U.S.C.A. 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

mary purpose of Rule 25(c) as well as of Rules 17(a) and 24(a). In Hazeltine Corp. v. Kirkpatrick, 3 Cir., 165 F.2d 683 (1948), a plaintiff sought to bring in an additional defendant under Rule 25 (c). Judge Maris, speaking for the Court, said:

"We see no want of jurisdiction in the district court to enter the orders of June 16, 1947. On the contrary, the situation here disclosed is just that which Rule 25(c) contemplates. But in so stating we desire to make it clear that we are not holding that the district court necessarily has the power to compel Hazeltine Research, Inc., as an additional defendant to appear, answer and litigate its rights in these suits. That will depend, if there is no voluntary appearance, upon whether the district court has venue jurisdiction over it under section 51 of the Judicial Code [28 U.S.C.A. 112], the venue statute which is applicable to these suits. For Rule 25(c) is subject to the qualification imposed by Civil Procedure Rule 82 that it shall not be construed to extend the jurisdiction of the district courts or the venue of actions therein."

It is clear that Judge Maris regarded as proper a voluntary appearance and a waiver of venue by the additional defendant. See also Etten et al. v. Lovell Mfg. Co. et al., W.D.Pa., 121 F.Supp. 291 (1954). To permit a defendant sought to be added under Rule 25(c) to waive the venue requirement does not violate Rule 82.

Rule 25(c) makes no distinction between applications to join a new defendant made by the plaintiff, by the original defendant or by the additional defendant. There is no reason why such a distinction should be made, so long as (1) the proposed defendant has in fact succeeded to the interest of an original defendant (Humble), (2) jurisdiction is not destroyed, (3) Rule 82 is not violated, and (4) no effort is made to prevent the

plaintiff from obtaining all the relief to which it may be entitled from the original defendants.[5] Those requirements are met in this case, and the Court is satisfied that the addition of Enjay as a party defendant and as a party plaintiff in the counterclaim filed by the original defendants would be in the interest of justice and would facilitate the orderly administration of justice.

The motion to add Enjay is hereby granted.

---

5. It is not proposed that Enjay be substituted for Humble; Humble will still be a party and liable for any damages Montecatini can prove against it.