# United States Court of Appeals for the Federal Circuit

04-1279, -1314

SCHREIBER FOODS, INC.,

Plaintiff-Appellant,

v.

BEATRICE CHEESE, INC.,

Defendant,

and

KUSTNER INDUSTRIES, S.A.,

Defendant-Cross Appellant,

and

GREAT LAKES CHEESE CO., INC.,
GREAT LAKES CHEESE OF LA CROSSE WISCONSIN, INC.,
and GREAT LAKES CHEESE OF WISCONSIN, INC.,

Defendants.

Patrick F. Solon, Niro, Scavone, Haller & Niro, of Chicago, Illinois, argued for plaintiff-appellant. On the brief was Thomas G. Scavone.

James L. Quarles III, Wilmer Cutler Pickering Hale and Dorr LLP, of Washington, DC, argued for defendant cross appellant. With him on the brief was William G. McElwain. Of counsel on the brief was William F. Lee, of Boston, Massachusetts.

Appealed from: United States District Court for the Eastern District of Wisconsin

Judge Lynn Adelman

# United States Court of Appeals for the Federal Circuit

04-1279, -1314

SCHREIBER FOODS, INC.,

Plaintiff-Appellant,

v.

BEATRICE CHEESE, INC.,

Defendant,

and

KUSTNER INDUSTRIES, S.A.,

Defendant-Cross Appellant,

and

GREAT LAKES CHEESE CO., INC., GREAT LAKES CHEESE OF LA CROSSE WISCONSIN, INC., and GREAT LAKES CHEESE OF WISCONSIN, INC.,

Defendants.

_____

DECIDED: March 22, 2005

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Schreiber Foods, Inc. ("Schreiber") appeals from the judgment of the United States District Court for the Eastern District of Wisconsin. The district court vacated its prior judgment of infringement in favor of Schreiber and dismissed Schreiber's patent infringement suit pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

<u>Schreiber Foods, Inc. v. Beatrice Cheese, Inc.</u>, 305 F. Supp. 2d 939 (E.D. Wis. 2004) ("Schreiber III"). We affirm the order vacating the earlier judgment, reverse the judgment of dismissal, and remand for a new trial.

BACKGROUND

Schreiber is a producer of cheese products and is the current owner of U.S. Patent Nos. 5,440,860 ("the '860 patent") and 5,701,724 ("the '724 patent"), both pertaining to a method and apparatus for forming and hermetically sealing slices of food items. The '860 patent was issued to Schreiber in 1995.

In January 1997 Schreiber, then the owner of the '860 patent, filed suit against appellee Kustner Industries ("Kustner") and other defendants,[1] alleging infringement of the '860 patent. On March 31, 1997, while the case was being litigated, Schreiber assigned the '860 patent, including all claims and causes of action thereunder, to its subsidiary, Schreiber Technologies, Inc. (J.A. at 857, 865.) Schreiber Technologies then gave Schreiber a non-exclusive license to the '860 patent. The assignment was apparently part of a scheme to avoid state income taxes. (Br. of Appellant at 16-17.) Schreiber did not inform the defendants or the court of the assignment, and Schreiber Technologies was not joined as a party to the lawsuit.

During discovery in August 1997, Kustner sought from Schreiber "[a]ll documents concerning any negotiations for assignments, licenses, or security interests in the '860 patent." (J.A. at 651) Schreiber objected to this request on the grounds of attorney-

---

[1] The defendants in this case originally consisted of Kustner, Beatrice Cheese, Inc., and Great Lakes Cheese Co., Great Lakes Cheese of La Crosse Wisconsin, Inc. and Great Lakes Cheese of Wisconsin, Inc. (collectively "Great Lakes"). Kustner is the only remaining defendant. Beatrice Cheese, Inc. settled with Schreiber in 2000. Great Lakes settled with Schreiber in March 2004.

client privilege and work product protection. It then stated that, subject to these objections, "Schreiber is not aware of any such documents." (Id.) There was no basis to claim either privilege or work product protection with respect to the assignment agreement itself.

In December 1997, a second patent, the '724 patent, was issued to Schreiber, and Schreiber amended its complaint to allege that Kustner also infringed the '724 patent. As provided in the '724 patent's terminal disclaimer, the '724 patent was required to be co-owned with the '860 patent to be enforceable. In its amended complaint, Schreiber again asserted that "Schreiber [defined earlier in the complaint as "Schreiber Foods, Inc."] owns and has standing to sue for infringement of United States Letters Patent No. 5,440,860." (J.A. at 161.) This statement was plainly false at the time since Schreiber was not then owner of the '860 patent; it had been assigned to Schreiber Technologies.

In July 1998, Schreiber notified the Patent Office of the assignment of the '860 patent to Schreiber Technologies. (J.A. at 856.) However, it still did not inform the court or its opponents of the transfer. The case proceeded to trial in August 1998. During the trial, Thomas Badciong, a Schreiber director who had been present when Schreiber's Board had approved the assignment of the '860 patent, falsely testified that "Schreiber Foods" owned the '860 patent and had owned it since it was issued by the Patent Office. At the conclusion of the trial, the jury returned a special verdict finding both the '724 and '860 patents valid and infringed. The jury assessed damages at $26 million. Defendants moved pursuant to Federal Rule of Civil Procedure 50 for judgment notwithstanding the verdict.

In September 1998, after the trial and verdict, and while the defendants' motion for judgment as a matter of law was pending, Schreiber's counsel in this case learned of the assignment of the '860 patent. Schreiber's counsel concluded that there was no legal or ethical obligation to disclose the assignment to the court or the opposing party despite the unjustified failure to produce the assignment documents in discovery, the false statements made in response to the document production request, the false statements appearing in the amended complaint, and the false testimony by Badciong. (J.A. at 617.) Instead, on the advice of counsel, Schreiber reacquired the '860 patent. The patent, with all causes of action thereunder, was reassigned to Schreiber on April 20, 1999. (J.A. at 233.) Just as the original assignment of the '860 patent to Schreiber Technologies had not been disclosed, neither Schreiber nor its counsel disclosed the reassignment of the '860 patent to the district court or to opposing counsel.

In March 2000, the district court granted the defendants' motion for judgment as a matter of law, finding non-infringement and setting aside the jury verdict. Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 92 F. Supp. 2d 857 (E.D. Wis. 2000) ("Schreiber I"). On appeal to this court, we reversed the district court's judgment and ordered the reinstatement of the jury verdict in favor of Schreiber. Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 31 Fed. Appx. 727 (Fed. Cir. 2002) ("Schreiber II"), cert. denied, 538 U.S. 1031 (2003). Pursuant to this court's mandate, the district court entered judgment in Schreiber's favor on September 10, 2002. Kustner was ordered to pay $15,729,846 in damages, plus costs and post-judgment interest. (J.A. at 192.)

After Kustner learned of the '860 patent's earlier assignment to Schreiber Technologies in October 2002 from an unrelated lawsuit, Kustner moved to vacate

judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2]  The district

court, in a carefully considered opinion, granted this motion under Rule 60(b)(4), holding

that Schreiber's lack of ownership during the litigation deprived Schreiber of standing

and rendered the suit moot, and the court's judgment was thus void.  Schreiber III, 305

F. Supp. 2d at 958.  Additionally, the court found that Schreiber's litigation conduct

constituted fraud, misrepresentation or misconduct that would warrant relief from

judgment under Rule 60(b)(3), id. at 958-61, and that the evidence of Schreiber's lack of

ownership of the '860 patent was newly discovered evidence that would warrant relief

from judgment under Rule 60(b)(2), id. at 961.  The district court vacated the judgment

and dismissed the case for lack of jurisdiction.  After the district court's dismissal,

Kustner moved for attorney fees and costs, which issues are still pending.

Schreiber appeals.  Kustner conditionally cross-appeals for a new trial.  We have

jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).  At oral argument, the court inquired

whether the Supreme Court's decision in Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996),

which had not been cited by either party, might be relevant to the issues presented.

With the leave of the court, both parties filed supplemental briefs on the question.


DISCUSSION


---

[2]     Rule 60(b) provides, in pertinent part:
On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void.

Schreiber on appeal has (1) waived its claim for monetary damages against Kustner, and (2) waived its claim against Kustner for infringement of the '724 patent. (Br. of Appellant at 7-8.) Schreiber seeks only reinstatement of a judgment that the '860 patent is valid, enforceable and infringed, and an injunction barring infringement of the '860 patent against Kustner.

I

We first consider whether the district court correctly held that the judgment was void because the court lacked jurisdiction to adjudicate the case. Schreiber III, 305 F. Supp. 2d at 952, 958. We apply Federal Circuit law in determining whether a judgment is void under Rule 60(b)(4). Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1082-84 (Fed. Cir. 1993). This is because questions of the district court's jurisdiction — upon which this court's jurisdiction depends — are always determined under Federal Circuit law. See Silicon Image, Inc. v. Genesis Microchip Inc., 395 F.3d 1358, 1362 (Fed. Cir. 2005) (this court's jurisdiction determined under Federal Circuit law); Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed. Cir. 2005) (citing Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994)).

At the time this action commenced, Schreiber was the owner of the '860 patent and had standing.[3] However, once the assignment to Schreiber Technologies was completed, there was no question that Schreiber lost its "personal stake in the

---

[3] The initial standing of the original plaintiff is assessed at the time of the original complaint, even if the complaint is later amended. See Lynch v. Leis, 382 F.3d 642, 647 (6th Cir. 2004); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992) (plurality opinion); Media Techs. Licensing, LLC. v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003) (same); cf. Fed. R. Civ. P. 15(c).

outcome." Though an assignment of a patent does not ordinarily include the right to sue for past infringement, Moore v. Marsh, 74 U.S. (7 Wall.) 515, 522 (1868), the assignment to Schreiber Technologies explicitly included an assignment of all causes of action. (J.A. at 865.) It is well-settled that non-exclusive licensees do not have constitutional standing to sue. Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc., 248 F.3d 1333, 1345 (Fed. Cir. 2001). Thus, when Schreiber transferred the '860 patent and became a mere non-exclusive licensee, Schreiber lost standing to sue for infringement and the case became moot.

However, the mootness in this case was only temporary. Schreiber regained its stake in the litigation when it reacquired the '860 patent before the entry of judgment. The issue before us is therefore whether a judgment is void when there is a temporary transfer of the patent in suit to a non-party, which temporarily deprives the court of jurisdiction, even though the plaintiff owned the patent at the commencement of the suit and at the time of judgment? We hold that the judgment is not void in such circumstances.

The general rule in federal cases is that a plaintiff must have initial standing and "continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). But, as will be seen, this rule is not absolute. In cases where the plaintiff lacked initial standing or the case suffered from some other jurisdictional defect at the time suit is commenced, the Supreme Court's cases are less than clear as to whether and how a jurisdictional defect can be remedied in the course of litigation. For example, the Court has held that, where federal jurisdiction is invoked initially on grounds of diversity, and

diversity did not exist at the time of suit, it cannot be remedied by a change in citizenship before judgment. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 124 S. Ct. 1920, 1925-26 (2004). On the other hand, where federal jurisdiction is invoked under the removal statute, dismissing a non-diverse party after removal and before judgment cures the defect. Caterpillar, 519 U.S. at 73.

In the area of patent infringement, this court has held that if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing, Paradise Creations, Inc. v. U V Sales, Inc., 315 F.3d 1304, 1309 (Fed. Cir. 2003), nor by the subsequent purchase of an interest in the patent in suit. Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 780 (Fed. Cir. 1996).[4]

In this case, Schreiber had constitutional standing at the time the suit was commenced. Importantly, after assigning the '860 patent, Schreiber reacquired it before the entry of judgment. In circumstances where dismissal for lack of initial standing is not required, the Supreme Court held in Caterpillar that jurisdictional defects can be cured before judgment.[5] Caterpillar involved a Kentucky plaintiff suing an Illinois defendant and a Kentucky defendant. After the suit was removed to federal court with both defendants, the Kentucky defendant settled and was dismissed from the suit. The Supreme Court held that although "the complete diversity requirement [for removal jurisdiction] was not satisfied at the time of removal," "the jurisdictional defect was

---

[4] If the original plaintiff had Article III standing, any prudential standing concerns may be overcome by adding a plaintiff with proper standing. Mentor H/S, Inc. v. Med. Device Alliance, Inc., 240 F.3d 1016, 1018-19 (Fed. Cir. 2001).

[5] Contrary to Kustner's argument, we do not view Caterpillar as requiring cure before trial as opposed to cure before judgment. See Caterpillar, 519 U.S. at 64.

cured" by the dismissal of the non-diverse party. Caterpillar, 519 U.S. at 70, 73. This holding was confirmed by the Court in Grupo, which stated: "The postsettlement dismissal of the diversity-destroying defendant [in Caterpillar] cured the jurisdictional defect . . . the less-than-complete diversity which had subsisted throughout the action had been converted to complete diversity between the remaining parties to the final judgment." 124 S. Ct. at 1925.

This court has also held that the temporary loss of standing during patent litigation can be cured before judgment. In Insituform Technologies, Inc. v. Cat Contracting, Inc., 385 F.3d 1360, 1371-72 (Fed. Cir. 2004), the original plaintiff was the owner of the patent at the time of filing suit. After the trial and verdict, but before judgment, the patent (together with the right to sue for past infringement) was transferred to the plaintiff's subsidiary, which was then not a party to the suit. The subsidiary waited for two years before filing a motion to be joined as a party, which was then granted before judgment. We upheld the district court's joinder decision. Id. at 1372. Other circuits have taken a similar approach. See ELCA Enters. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190-91 (8th Cir. 1995) (ordering the substitution of the transferee of the real property in suit, and holding that such substitution cured any potential jurisdictional defect arising from the transfer of the property during litigation); Corbin v. Blankenburg, 39 F.3d 650, 654 (6th Cir. 1994) (en banc) (ERISA trustee who resigned lost requisite stake in litigation and could not continue as plaintiff, but suit could continue because new trustee was substituted as plaintiff five days later).

Here Schreiber reacquired its stake in the litigation by reacquiring the '860 patent (and causes of action thereunder) before the entry of judgment. The jurisdictional

defect that had existed was cured before the entry of judgment and thus the judgment was not void. The district court's holding to the contrary under Rule 60(b)(4) was erroneous.[6]

## II

The district court held in the alternative that judgment should be vacated under Rules 60(b)(2) and (3) because the assignment to Schreiber Technologies was material new evidence and failure to disclose the transaction was misconduct that justified relief from judgment. Relief under Rules 60(b)(2) and (3) is a procedural issue on which we apply regional circuit law. Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1384 (Fed. Cir. 1999) (Rule 60(b)(3) motion based on allegedly fraudulent misrepresentations reviewed under Eighth Circuit law). In the Seventh Circuit, the district court's decision to grant or deny relief under Rules 60(b)(2) and (3) is reviewed for abuse of discretion. Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir. 1986).

---

[6]     Schreiber alternatively argues that, even if it had lacked standing, it would be entitled to continue as the sole plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure. Although we have grave doubts as to whether Schreiber is correct, in light of our disposition it is unnecessary to address this argument. We note in this connection that counsel for Schreiber has sought to support this argument by repeatedly misrepresenting the Third Circuit's holding in Hazeltine Corp. v. Kirkpatrick, 165 F.2d 683 (3d Cir. 1948). For example, Schreiber quotes Hazeltine as holding: "[T]he issues did not become moot upon transfer of the interest in the patent pendent lite by the defendant, [nor did] the transfer divest[ ] the court of subject matter jurisdiction . . . we see no want of jurisdiction in the district court." (Reply Br. of Appellant at 11 (ellipses in original); see also Br. of Appellant at 32.) Schreiber misquotes the opinion. The Third Circuit saw "no want of jurisdiction in the district court to enter the orders of June 16, 1947," joining the transferee as defendant. Hazeltine, 165 F.2d at 685 (emphasis added). The court did not decide whether there was a lack of subject-matter jurisdiction as a result of the transfer, but instead held: "We cannot say that . . . the district court's alleged want of [subject-matter] jurisdiction is so far beyond doubt" as to require a writ of mandamus. Id. We remind counsel that such misrepresentations are sanctionable. Precision Specialty Metals, Inc. v. United States, 315 F.3d 1346, 1355 (Fed. Cir. 2003).

Under Rule 60(b)(3), relief from judgment is warranted when there is fraud, misrepresentation, or other misconduct.  As outlined previously, Schreiber repeatedly misrepresented its ownership of the '860 patent and concealed evidence that would reveal its lack of ownership.  See Schreiber III, 305 F. Supp. 2d at 959-60.  In its brief, Schreiber does not contest these facts, except to argue that the misconduct somehow was not intentional and therefore not sanctionable.  There can be no claim that Schreiber's conduct is not sanctionable.  Quite apart from whether Schreiber's misstatements in the period before September 1998 were sanctionable,[7] the conduct of Schreiber and its counsel after September 1998, when counsel became aware of the assignment of the '860 patent, was plainly sanctionable.  Once counsel became aware that highly material false statements had been made by a witness, in pleadings submitted to the court and in response to discovery requests, and that highly material documents had not been produced as required, Schreiber and its counsel were under an obligation to promptly correct the record.  "If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures." Wis. Sup. Ct. R. 20:3.3, adopted by reference, E.D. Wis. Local R. 83.10.  "A party is under a duty seasonably to amend a prior response to . . . [a] request for production . . . if the party learns that the response is in some material respect incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(2).  Schreiber's counsel also completely failed to discharge their duty to bring to the "tribunal's attention, 'without delay,' facts that may raise a

---

[7]    See Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991) (court possesses inherent power to vacate its own judgment when a fraud has been perpetuated on the court, and to levy sanctions when a party, independent of its attorney, acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"); Bus.

04-1279, -1314                          11

question of mootness." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.23 (1997) (quoting Bd. of License Comm'rs v. Pastore, 469 U.S. 238, 240 (1985)) (emphasis in original). The district court found that, upon learning of the assignment, Schreiber's counsel advised their client to reacquire the patent without disclosure instead of disclosing the potential jurisdictional defect to the court. Schreiber III, 305 F. Supp. 2d at 959. Contrary to Schreiber's contention, Schreiber and its counsel could not have "reasonably believed that these facts were not material to subject-matter jurisdiction or any other issue" in the case. (Br. of Appellant at 23.) We can find no error in the district court's finding that Schreiber and its counsel engaged in improper conduct. The district court found that Kustner was prejudiced because, inter alia, if it had known of the assignments, it would have had strong arguments that the '724 patent was unenforceable and that the damages should have been reduced. Id. at 960.[8] The district court thus held that its prior judgment should be vacated under Rule 60(b)(3) because of Schreiber's misconduct. Id. at 961.

Kustner argues that, in addition to vacating the judgment, the case should be dismissed with prejudice as a sanction for Schreiber's misconduct. Kustner's motion to vacate judgment under Rule 60(b)(3) did not request dismissal, but rather a new trial. (J.A. at 194.) "Of all possible sanctions, dismissal is considered 'draconian.'" Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). In the Seventh Circuit, dismissal for misconduct requires the district court to first consider lesser sanctions and explain why they are insufficient. Id. at 468; Schilling v. Walworth County Park & Planning Comm'n,

---

Guides, Inc. v. Chromatic Communications Enters., 498 U.S. 531, 550 (1991) (party who signs a document in violation of Rule 11 may be sanctioned).

805 F.2d 272, 278 (7th Cir. 1986). Kustner conceded at oral argument that the district court did not order a dismissal for Schreiber's misconduct, and the district court plainly did not make the findings necessary to support dismissal. In light of the district court's decision to vacate the entire judgment, we construe its order under Rule 60(b)(3) as effectively granting a new trial.

Schreiber appears to concede that in the Seventh Circuit a new trial under Rule 60(b)(3) may be granted here as either intentional or unintentional misrepresentation qualifies for relief under Rule 60(b)(3). Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995). However, Schreiber's argument on appeal is that vacating the entire judgment is not appropriate, and that a new trial is only appropriate to the extent that its misrepresentations had demonstrated effects on the judgment. Through its selective waiver of claims, Schreiber asserts that it has removed the effects of tangible prejudice to Kustner that were found by the district court. Schreiber's argument ignores the fact that both Schreiber and its counsel have engaged in serious misconduct. The Seventh Circuit has held that a new trial on all issues may be granted as a form of sanction for attorney misconduct. See Petrilli v. Drechsel, 94 F.3d 325, 330 (7th Cir. 1996) ("Where an attorney improperly appears as both [advocate and witness], the sanction of reversal and a new trial may be warranted. Whether to grant a mistrial falls within the trial court's discretion." (internal citations omitted)).

This court addressed a similar argument in Fraige v. Am.-Nat'l Watermattress Corp., 996 F.2d 295 (Fed. Cir. 1993). In Fraige, the defendant in a patent infringement suit engaged in fraud by fabricating prior art. The jury returned a special verdict in

---

<sup>8</sup>    For example, because Schreiber Technologies did not sell the patented

defendant's favor, finding four separate grounds of invalidity. The district court denied a Rule 60(b)(3) motion on the ground that "the fraud could not have affected two of the jury's findings of invalidity." Id. at 298. We held that this was an abuse of discretion because, even if two of the invalidity findings were not directly affected, it "was impossible accurately to appraise the extent to which the jury relied on testimony tainted by the false and forged documentation." Id. at 299 (internal citation and quotation omitted). A litigant who engages in misconduct should "not be permitted the benefit of calculation, which can be little better than speculation, as to the extent of the wrong inflicted upon his opponent." Id. at 299 (quoting Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Moquin, 283 U.S. 520, 521-22 (1931)).

We hold that the district court properly vacated the entire judgment and that a new trial on all issues (rather than outright dismissal) was an appropriate sanction. Given our disposition, there is no need to reach the issue of the district court's holding under Rule 60(b)(2).

CONCLUSION

The district court's judgment of dismissal is reversed. The district court's order vacating the earlier judgment is affirmed. The case is remanded to the district court for a new trial.[9]

AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED

COSTS

Costs to Kustner.

___

product, it could not recover lost profits from lost sales. Id.

---

<sup>9</sup> Of course, Schreiber remains bound by its unconditional waivers. This court's construction of the '860 patent's claims will continue to govern the new trial. Schreiber II, 31 Fed. Appx. at 730-31.