Andrew C. THOMAS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–751.

United States Court of Veterans Appeals.

Submitted April 5, 1991.

Decided June 3, 1991.

Andrew C. Thomas, pro se.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

KRAMER, Associate Judge:

The motion of appellant, Andrew C. Thomas, to permit Mr. David L. Howard to represent him before the Court, pursuant to Rule 46(c) of the Court, is denied for failure to show good cause. We hold that good cause under this rule to justify representation by a non-attorney requires that there be a special relationship, other than contractual, between an appellant and the non-attorney, that no fee be charged by the non-attorney for services rendered, and that special circumstances exist that limit the ability of the appellant to otherwise proceed *pro se*. The requisite showing has not been made in the instant case.

## I.

On August 3, 1990, Thomas, two other veterans, and Mr. David L. Howard, self-styled as the "representative" of all three veterans and additionally as the "Peacemaker", filed a combined Notice of Appeal (NOA) in three unrelated cases. Attached to the NOA was a motion, signed by Howard and all three veterans, to permit Howard to represent the veterans pursuant to what was then designated as Interim General Rule 46(c) and is now, without change, U.S.Vet.App.R. 46(c) (Rule 46(c)).

The motion alleged, *inter alia*, that there was "[g]ood cause" for Mr. Howard to represent Thomas because Howard had previously represented Thomas before the United States Air Force, the Office of Personnel Management, and the Department of Veterans Affairs (VA), and because "Mr. is most familiar person with" the appellant's case.

On February 20, 1991, the Court ordered that the motion to permit Mr. Howard to represent the appellant be held in abeyance pending further order of the Court.

On March 4, 1991, Mr. Howard filed a response to a letter from the Court, sent subsequent to its February 20, 1991, order, requesting information about Howard's qualifications to represent the appellant before the Court. In his response, Howard indicated, among other things, that he is not an attorney; does not have a law degree; is not an employee of an organization which is chartered by Congress and recognized by the Department of Veterans Affairs for claims representation; and is charging a fee for his services.

## II.

U.S.Vet.App.R. 46 (Rule 46) (which is identical to Interim General Rule 46 which was in existence on August 3, 1990) provides for six distinct categories of representation before the Court, two for attorneys and four for non-attorneys. The two categories of attorneys who may represent appellants before the Court under Rule 46 are those who are admitted to the bar of the Court and those who may be permitted to appear before the Court "[on] motion and upon a showing of good cause ... for the purposes of a particular case." The four categories of non-attorneys who may appear before the Court under Rule 46 are: (1) those admitted to practice "under the direct supervision of an attorney admitted to the bar of the Court"; (2) those

> employed by an organization which is chartered by Congress, is recognized by the Department of Veterans Affairs for claims representation, and provides a written statement signed by the organization's chief executive officer certifying to the employee's: (i) understanding of the procedures and jurisdiction of the Court and of the nature, scope and standards of its judicial review; and (ii) proficiency to represent appellants before the Court[;]

(3) those appearing *pro se;* and (4) those who "[o]n motion and upon a showing of good cause [may be permitted by the Court to appear] ... for the purpose of a particular case."

The motion of the appellant and Mr. Howard fall under this last category. Black's Law Dictionary states that the

> phrase "good cause" depends upon circumstances of individual case, and finding of its existence lies largely in discretion of ... court to which decision is committed. It is a relative and highly

abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented.

Black's Law Dictionary 692 (6th ed. 1990) (citations omitted). In interpreting the term "good cause" in Rule 46(c), it is clear that this Court has wide discretion, and that in exercising such discretion, both the context of the language of the rule and the specific situation presented are highly relevant.

While it is true that the language of Rule 46(c) is the same with respect to both an attorney and non-attorney, it is obvious that what constitutes "good cause" cannot be the same for both. According to Black's Law Dictionary, "attorney"

> [i]n its most common usage ... unless a contrary meaning is clearly intended ... means 'attorney at law', 'lawyer' or 'counselor at law'.
>
> .   .   .   .   .
>
> *Attorney at law.* Person admitted to practice law in his respective state and authorized to perform both civil and criminal legal functions for clients, including drafting of legal documents, giving of legal advice, and representing such before courts, administrative agencies, boards, etc.

*Id.* at 128. The attorney has special training and skills recognized and licensed by a state governmental entity. *See* 7 Am. Jur.2d *Attorneys At Law* §§ 1–2 (1980). The non-attorney representative referred to in Rule 46(c) does not. While we do not for purposes of this opinion reach a determination as to what "showing of good cause" is required for an attorney under Rule 46(c), suffice it to say that it is far different from the showing required for a non-attorney. That such a conclusion is inescapable becomes even more apparent when the non-attorney provision of Rule 46(c) is considered in the context of, and compared to, the other non-attorney categories (other than *pro se*) of Rule 46 which require either direct supervision by an attorney admitted to the Court's bar or competency-certified employment with a congressional-

ly chartered and VA-recognized veterans' service organization. *See generally Bahnmiller v. Derwinski,* 724 F.Supp. 1208, 1216 (E.D.Va.1989), *affirmed in part, dismissed in part,* 923 F.2d 1085 (4th Cir. 1991) ("Outside the VA, the veteran is judged on the objective merits of the veteran's position and to develop and present that position, the veteran needs qualified legal assistance....").

    Although Rule 46(c) contemplates the appearance "upon a showing of good cause" of a non-attorney representative who is not accountable either to an attorney or a chartered and recognized veterans' service organization, for the protection of both the appellant and the integrity of the Court, permission to appear in such capacity must be limited to those imperative circumstances where the showing of good cause satisfies the intent, structure, and context of Rule 46. We believe, and we so hold, that such a showing of good cause requires: (1) that there be a special relationship, other than contractual, between an appellant and the non-attorney; (2) that no fee be charged by the non-attorney for representation services rendered; and (3) that special circumstances exist that limit the ability of the appellant to otherwise proceed *pro se.*

The test of good cause set forth here evolves from the holding of the Court in *Mokal v. Derwinski,* 1 Vet.App. 12 (1990). In *Mokal,* prongs one and three of the "good cause" test announced here were clearly met, and prong two was not at issue. There we permitted the daughter/custodian of an incompetent petitioner to represent the petitioner before this Court, holding that "the recognized fiduciary relationship between a claimant before the [Department of Veterans Affairs] and a custodian—whether created under state law or by the Secretary—is sufficient to empower that custodian to pursue remedies before this Court." *Mokal,* 1 Vet.App. at 14.

Since the requisite showing of good cause has not been made in the instant case, we deny the motion to permit Howard to appear before the Court as a non-attor-

ney representative in this case. Appellant is to proceed with this appeal either *pro se* or with other representation that meets the requirements of Rule 46. This case is withdrawn from the panel.

IT IS SO ORDERED.