Marjorie L. SILVERMAN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–178.

United States Court of Veterans Appeals.

April 3, 1995.

Before KRAMER, FARLEY, and IVERS, JJ.

## ORDER

PER CURIAM.

On February 21, 1995, counsel for the appellant filed a motion to appear pro hac vice pursuant to Rule 46(c) of this Court's Rules of Practice and Procedure. Rule 46(c) states in relevant part that "[o]n motion and upon a showing of good cause, the Court may permit any attorney ... to appear before the Court for the purposes of a particular case." In his motion, counsel stated that (1) he was not a member of the bar of this Court; (2) his client requested that he represent her in this proceeding; (3) there was only one attorney in the appellant's home state who is admitted to practice before this Court, but his client did not want to be represented by that attorney; and (4) it was not his intent "to regularly practice before this Court." The Court notes that this is counsel's second appearance before this Court, and concludes that the assertions made in his motion do not establish the "good cause" showing necessary to justify an attorney's failure to be admitted to practice before this Court.

In addition, the contingent fee agreement entered into between counsel and the appellant contains a number of ambiguities which require clarification. Although the agreement calls for compensation "not to exceed 50% of benefits awarded," it is not clear whether the term "benefits awarded" includes future benefits. *See* 38 U.S.C. § 5904(d)(3). Moreover, by its terms, the fee agreement appears to relate only to the claim before the Board of Veterans' Appeals and "additional reasonable compensation shall be charged for any appeal to any Court, beyond the [state superior court] or the United States District Court." Thus, the fee for representation before this Court is not specified.

Pursuant to 38 U.S.C. § 7263(c), the Court, on its own motion or the motion of any party, may review fee agreements between attorneys and their clients regarding representation before the Court. *See also In re Fee Agreement of Smith,* 4 Vet.App. 487, 491 (1993). Section 7263(d) states that in reviewing a fee agreement under subsection (c), the Court may "order a reduction in the

fee called for in the agreement if it finds that the fee is excessive or unreasonable." Although vested with the power to review fee agreements, the Court will intrude upon such a free and voluntary contract only upon the invitation of the parties or where the fee agreement is patently unreasonable on its face. *Lewis v. Brown*, 5 Vet.App. 151, 154 (1993). A fee agreement is a contract between two private parties—an appellant and the appellant's attorney. *See Nagler v. Derwinski*, 1 Vet.App. 297, 304 (1991) (in context of BVA's review of fee agreement, the Court remarked that "the parties to a review of a fee agreement are the claimant on the one hand and the attorney on the other."). Although the Court will not ordinarily review sua sponte every fee agreement, the ambiguities contained in the fee agreement filed in this appeal and the possibility of a contingency fee of 50% of "benefits awarded" plus unspecified "additional reasonable compensation" are so out of the ordinary that an inquiry into the reasonableness of the agreement is warranted.

Upon consideration of the foregoing, it is

ORDERED that the motion to appear pro hac vice is denied. It is further

ORDERED that the appellant's counsel, within 30 days after the date of this order, either perfect an application for admission to the bar of this Court, or inform the Court that he has withdrawn as the appellant's counsel. An application for admission is attached to this order. It is further

ORDERED that the appellant's counsel, if he does not withdraw as the appellant's counsel, within 30 days after the date of this order, clarify all ambiguities in the fee agreement and show cause why the Court should not find this fee agreement excessive or unreasonable and order a reduction in the fee called for in the agreement.