## In re APPLICATION FOR ADMISSION OF Gere UNGER.

### No. 02–8001.

United States Court of Appeals for Veterans Claims.

July 29, 2002.

Before FARLEY, IVERS, and GREENE, Judges.

## ORDER

PER CURIAM:

Before the Court is the application of Gere Unger for admission to the bar of this Court. Pursuant to Rule 46 of this Court's Rules of Practice and Procedure, an attorney "of good moral character and repute" may be admitted to this Court's bar if he or she "has been admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia, or a territory, possession, or commonwealth of the United States, and is in good standing therein." U.S. Vet.App. R. 46(a). In support of his application for admission, the applicant submitted only a certificate of good standing from the Mashantucket Pequot Tribal Court.

In a letter dated April 9, 2002, the Clerk of the Court advised the applicant that the certificate from the Mashantucket Pequot Tribal Court did not meet the criterion of a "certificate of good standing from the Clerk of the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a territory, possession, or commonwealth of the United States." Mr. Unger was informed that his application would be held in abeyance pending receipt of such a certificate. On April 19, 2002, the applicant submitted a letter in which he argued that his admission to the Mashantucket Pequot Tribal Court qualified him for admission to this Court because the Mashantucket Pequot Tribal Nation is a "territory . . . of the United States." Upon the referral of the matter to this panel, the applicant submitted a pleading styled "Petition for a Writ of Right," wherein he reiterated and expanded upon the arguments made in his letter of April 19, 2002. On May 24, 2002, the Court, holding that Mashantucket Pequot Tribe is not a "territory, possession, or commonwealth of the United States" as those terms are used in Rule 46 and that the applicant's certificate of good standing from the Mashantucket Pequot Tribal Court is therefore an insufficient predicate for admission to the bar of this Court, ordered the applicant to show cause why his application for admission should not be denied.

Mr. Unger filed a response to the Court's order in which he continued to argue that his application should not be denied because the Mashantucket Pequot Tribal Court is a territory of the United States. Mr. Unger urged the panel to reconsider its May 24, 2002, holding. For the reasons that follow, the applicant's motion for reconsideration will be denied, and his application for admission will be denied.

In determining that the Mashantucket Pequot Tribe is not a "territory, possession, or commonwealth of the United States" as those terms are used in Rule 46, the Court was persuaded by the reasoning of the U.S. Supreme Court (Supreme Court) and the U.S. Court of Appeals for the Ninth Circuit (Ninth Circuit):

The Supreme Court has defined Indian Tribes as "domestic dependent nations." *Cherokee Nation v. Georgia,* 30 U.S. 1, 17[, 5 Pet. 1, 8 L.Ed. 25] (1831); *see also Romanella v. Hayward & The Mashantucket Pequot Tribal Nation,* 933 F.Supp. 163, 167 (D.Conn.1996). In *Wilson v. Marchington,* the [Ninth Circuit] held that Indian tribes are not "territories or possessions" of the United States, as those terms are used in legislation implementing the full faith and credit clause of the U.S. Constitution. 127 F.3d 805 (9th Cir.1997); *see also* 28 U.S.C. § 1738 (acts, records, and judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken"). In *In re Rothstein,* the Ninth Circuit found that an attorney's license to practice before the High Court of Trust Territory of Pacific Islands did not entitle him to admission to practice before the Ninth Circuit because the Trust Territory is neither a "Territory [n]or Insular Possession of the United States." 884 F.2d 490, 491 (9th Cir.1989) (citing Local Rule 110 (N.D.Cal.1988)). In vacating the attorney's admission to that court, the Ninth Circuit noted that the "United States Territories and Commonwealths are defined to mean the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Is-

lands." *Id.* at 491, n. 1 (citing Compact of Free Association Act of 1985, Pub.L. 99–239, 99 Stat. 1770, 1789 (1986) (appears at 48 U.S.C. § 1681 note (1988))); *see also* 48 U.S.C. § 1904(e)(5).

*In re Unger,* U.S. Vet.App. No. 02–8001 (May 24, 2002) (per curiam order).

The applicant, in apparent disagreement, wrote:

The Panel's response to Petitioner's application is knowingly or recklessly but demonstrably contrived to mislead, with no rational connection between the opinion/requirement and the Applicant's fitness to practice before this bench. Petitioner asserts that the "panel's" functional unfamiliarity with Indian Law, associationistic misperceptions, and specious and fallacious reasoning of the term "territory," an abstract noun, has resulted in an inappropriate decision, flouting the law, and should be reversed.

Applicant's Reply Brief at 1. The applicant goes on to discuss several instances where the term "Territory" has been used to refer to Indian tribes. However, the applicant has not identified any authority for the proposition that Indian tribes are "territor[ies] ... of the United States" as that term is used in Rule 46 or in the rules of admission and practice of any other court created under Article I or Article III of the Constitution. The applicant purports to rely upon 48 U.S.C. §§ 1451 and 1452, (*id.* at 6), but those statutes actually sharpen the distinction between "Territory," as that term is used in those sections, and "United States territories and commonwealths," later defined in title 48 to include only the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Islands. *See* 48 U.S.C. § 1904(e).

The Court is not persuaded by the applicant's continued argument that the Mashantucket Pequot Tribe should be considered a "territory ... of the United States" for purposes of Rule 46. Because the applicant has not provided a "certificate of good standing from the Clerk of the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a territory, possession, or commonwealth of the United States," his application for admission must and will be denied. U.S. Vet.App. R. 46(a). The Court makes no judgment today as to whether the applicant is otherwise qualified to be admitted to practice before this Court. If the applicant is able to produce a certificate of good standing from a qualifying court, he is free to re-apply for admission to practice before this Court at any time.

In his Reply Brief, the applicant appears to move that his application be reviewed by the full Court based upon the fact that the Court's May 24, 2002, order was identified as "per curiam." The applicant appears to misunderstand "per curiam" to mean "reviewed by a full court" and therefore requests that the Court's May 24 order be similarly reviewed by a full Court. However, "per curiam" merely means that the decision is a decision of the Court, but that the specific judge who wrote the decision is not identified. "Per curiam" does not necessarily mean that the matter has been considered and decided by all judges of the Court. *See* Black's Law Dictionary 1119 (7th ed.1999) (defining "per curiam opinion"). Moreover, "[t]he Court" has the statutory authority to hear cases "by judges sitting alone or in panels, as determined pursuant to procedures established by the Court." 38 U.S.C. § 7254(b). Any and all actions and rulings by a panel of judges, or by a single judge, are on behalf of the Court as a whole. Pursuant to Rule 35 of this Court's Rules of Practice and Procedure, motions for a decision by the full Court "are not favored" and "[o]rdinarily they will not be granted unless such action is necessary to maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." U.S. Vet.App. R. 35(c). Accordingly, because the applicant's Reply Brief does not identify a basis for full-Court review as described in Rule 35(c) and because it appears to be based upon a misunderstanding, the Court will the deny the motion without prejudice to the submission by the applicant, should he deem it appropriate, of a proper motion in accordance with the Court's rules.

Upon consideration of the foregoing, it is

ORDERED that the applicant's motion for reconsideration by the panel is DENIED. It is further

ORDERED that the applicant's motion for a decision by the full Court is DENIED without prejudice. It is further

ORDERED that the application of Gere Unger for admission to the bar of this Court is DENIED. *See* U.S. Vet.App. R. Adm. & Prac. 3(b)(2)(B).