# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-991

JULIANA DEGUZMAN,                                                      APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                        APPELLEE.

On Appellant's Motion to Appear *Pro Hac Vice*

(Decided     December 14, 2006   )

*Juliana DeGuzman, pro se.*

*Tim McLain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Erika E. Liem*, all of Washington, D.C., for the appellee.

Before KASOLD, MOORMAN, and LANCE, *Judges.*

MOORMAN, *Judge*, filed the opinion of the Court.  KASOLD, *Judge*, filed an opinion concurring in part and dissenting in part.

MOORMAN, *Judge*: Before the Court is a motion by Clemente D. Paredes of 122 Purok I, Bantug Norte, Cabanatuan City, Nueva Ecija, Philippines, to represent the appellant as her counsel in this particular case only, without admission to this Court's bar, pursuant to this Court's *pro hac vice* rule, Rule 46(c) of this Court's Rules of Practice and Procedure (Rules).  U.S. VET. APP. R. 46(c).  For the reasons that follow, we hold that to allow representation by an attorney who is not a member of this Court's bar, Rule 46(c) requires that he or she meets the qualifications of an attorney described in Rule 46(a), which sets forth the requirements for attorneys who seek admission to this Court's bar.  In this regard, the attorney must, at a minimum, (1) be a person of good moral character and repute; (2) be admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia, or a United States territory or commonwealth; and (3) be in

good standing in such court. Because Mr. Paredes has not shown that he is admitted to a qualifying court, he has not made the requisite showing to allow his representation as an attorney on behalf of the appellant for the purpose of a particular case. Because he does not meet the minimum requirements to qualify as an attorney under Rule 46(c), the Court need not here address the additional "good cause" criterion of Rule 46(c) that must be shown to allow an attorney to represent a party without having gained admission to this Court's bar. We also hold that Mr. Paredes does not meet the "good cause" criteria established in *Thomas v. Derwinski*, 1 Vet.App. 289 (1991), to justify his representation as a *non-attorney* representative for the appellant.

## I. BACKGROUND

The appellant, Juliana DeGuzman, appeals the March 31, 2005, decision of the Board of Veterans' Appeals (Board) that denied service connection for the cause of death of veteran Pastor A. DeGuzman. The appellant is the veteran's widow. The appellant was initially represented in this appeal by counsel Mark R. Lippman of the Veterans Law Group. On January 5, 2006, the Court granted appellant's counsel's motion to withdraw and directed the appellant to file a brief within 60 days after the date of the Court's order. The appellant failed to file a brief. On March 20, 2006, the Court ordered the appellant to show cause why this appeal should not be dismissed because of her failure to file a brief. On March 21, 2006, the Court received a document entitled "Appeal Brief for the Appellant." The document was signed by Clemente D. Paredes of 122 Purok I, Bantug Norte, Cabanatuan City, Nueva Ecija, Philippines. On the document, Mr. Paredes identified himself as "Counsel for Appellant." On the same date, the Court also received from Mr. Paredes an "Entry of Appearance of Counsel for Appellant."

On April 25, 2006, the Court received a response to its order of March 20, 2006, signed by Mr. Paredes. The response attached a copy of the brief and an entry of appearance. On May 19, 2006, the Clerk's Office returned the entry of appearance as nonconforming. On July 17, 2006, Mr. Paredes filed a motion seeking permission to represent the appellant in this case only and for leave to file the brief lodged with the Court on March 21, 2006, and to resubmit his notice of appearance. He states that he is not admitted to practice before the Court. He notes that the appellant is an indigent claimant and that he has agreed to represent her on a pro bono basis.

2

Mr. Paredes also states, however, that the appellant has agreed to compensate him only if her claim is successful. Accompanying Mr. Paredes' motion under Rule 46(c) is a notice of appearance and a fee agreement. The fee agreement states that the appellant shall compensate counsel "only in case of an award, at twenty (20) percent thereof."

## II. ANALYSIS
### A. Rule 46 and Current Law

Mr. Paredes seeks to appear in the instant appeal pursuant to Rule 46(c) of the Court's Rules of Practice and Procedure. He identifies himself as an attorney and provides his "Roll No. 13429." He also lists his address in the Philippines. He provides no other information regarding any admissions and licenses. His name and "Roll No." do, however, appear on the list of attorneys practicing before the Supreme Court of the Philippines. *See* www.supremecourt.gov.ph. In his motion, he acknowledges that he has not been admitted to practice before this Court. In support of his motion, he asserts that he seeks permission to appear in this case only to assist the appellant with her filings in this Court, and that she is an indigent litigant.

Rule 46 governs the admission of an attorney to the bar of this Court and appearance by a person on behalf of a party in a particular case only, without admission to this Court's bar (i.e., appearance *pro hac vice*). Rule 46 provides:

> **(a) Admission of Attorneys to Bar of Court.**
>
> (1) *General.* A person of good moral character and repute who has been admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a United States territory or commonwealth with the meaning of 48 U.S.C. § 1904(e)(5), and is in good standing therein, may be admitted to the bar of the Court upon application. *See* Rules of Admission and Practice.
>
> . . . .
>
> **(c) Appearance in a Particular Case.** On motion and a showing of good cause, the Court may permit any attorney or nonattorney practitioner not admitted to practice before the Court, or any other person in exceptional circumstances, to appear on behalf of a party or amicus for the purposes of a particular case. Whenever a person is admitted to practice under this subsection, the person will be deemed to

3

have conferred disciplinary jurisdiction upon the Court for any alleged misconduct in the course of, in the preparation for, or in connection with any proceeding in that case.

U.S. VET. APP. R. 46(a)(1), (c). This Court's Rule 46 was prescribed pursuant to the Court's authority in 38 U.S.C. § 7263, which provides: "Representation of appellants shall be in accordance with the rules of practice prescribed by the Court under section 7264 of this title. In addition to members of the bar admitted to practice before the Court in accordance with such rules of practice, the Court may allow other persons to practice before the Court who meet standards of proficiency prescribed in such rules of practice." 38 U.S.C. § 7263(b). Section 7264(a) provides: "The proceedings of the Court of Appeals for Veterans Claims shall be conducted in accordance with such rules of practice and procedure as the Court prescribes."

Accordingly, this Court has explicit authority to prescribe rules to govern the representation of appellants in this Court, and Congress has specifically provided that the Court may allow persons to practice before the Court who have not been admitted as members of the bar so long as those persons meet "standards of proficiency" prescribed in its rules. In addition, this Court has the inherent power to regulate attorney behavior, including the power to control the admission to its bar and to discipline attorneys who appear before the Court. *See In re Bailey*, 182 F.3d 860, 864-65 (Fed. Cir. 1999); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it.").

Pursuant to Rule 46, there are six distinct categories of representation before the Court, two for attorneys and four for non-attorney representatives. The two categories of attorneys who may represent appellants before this Court are those who are admitted to the bar of the Court and those who may be permitted to appear before the Court "[o]n motion and upon a showing of good cause . . . for the purpose of a particular case." U.S. VET.APP. R. 46(a), (c). As noted above, for admission to this Court's bar, Rule 46(a) provides explicit criteria requiring that an attorney applying for admission be (1) a person of good moral character and repute; (2) who has been admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia,

4

or a United States territory or commonwealth within the meaning of 48 U.S.C. § 1904(e)(5)[1]; and (3) who is in good standing in the qualifying court. U.S. Vet. App. R. 46(a). For *pro hac vice* representation by an attorney, however, Rule 46(c) does not expressly contain the requirement found in Rule 46(a) that the person be admitted to practice in another qualifying court. Significantly, this Court's *pro hac vice* rule omits any mention of the admission *pro hac vice* for attorneys admitted to practice only in a foreign country. The instant case requires us to determine the criteria that must be met to allow an attorney to appear *pro hac vice* before this Court pursuant to Rule 46(c).

This Court has previously addressed, in a panel decision, circumstances concerning an attorney's motion to appear *pro hac vice* pursuant to Rule 46(c). *See Silverman v. Brown*, 7 Vet.App. 487 (1995) (per curiam order). In *Silverman*, this Court denied a motion to appear *pro hac vice* and directed the appellant's counsel to either perfect an application for admission to the bar of this Court or inform the Court that he had withdrawn as the appellant's counsel. In denying the motion, the Court noted that this was counsel's second appearance before the Court and concluded that the assertions made in the motion did not establish the "good cause" showing necessary under Rule 46(c) to justify an attorney's failure to be admitted to practice before this Court. *Id.* at 487. There, counsel had stated that (1) he was not a member of the bar of this Court; (2) his client requested that he represent her in this Court; (3) there was only one attorney in the appellant's state of residence admitted to practice before this Court, but his client did not want that attorney to represent her; and (4) it was not his intent to regularly practice before this Court. *Id.* This Court's decision in *Silverman*, however, is not directly on point with the circumstances presented here, where counsel is apparently admitted to the bar of a foreign country, the Philippines, has his office in the Philippines, and has made no showing of having been admitted in another United States jurisdiction.

Although the Court has not yet interpreted Rule 46(c) to determine whether the Rule, as currently adopted by this Court, allows an attorney licensed only in a foreign country to appear *pro hac vice*, this Court has previously interpreted Rule 46(a) and determined that an attorney could not

---

[1] Section 1904(e)(5) of title 48, U.S. Code, provides: "As used in this subsection, the term 'United States territories and commonwealths' means the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands."

be admitted to the bar of this Court if he lacked admission to a qualifying court. *See In re Application for Admission of Gere Unger*, 16 Vet.App. 205 (2002) (per curiam order). In *In re Application for Admission of Gere Unger*, this Court denied the application of a person for admission to the bar of this Court, pursuant to Rule 46(a), because his certificate of good standing from the Mashantucket Pequot Tribal Court did not meet the criterion of a "certificate of good standing from the Clerk of the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a United States territory or commonwealth of the United States." 16 Vet.App. at 208. Noting that "United States territories and commonwealths" are defined in title 48 "to include only the Commonwealth of Puerto Rico, the Virgin Islands, Guam, Americana Samoa and the Commonwealth of the Northern Mariana Islands," the Court held that the Mashantucket Pequot Tribe was not a "territory . . . of the United States for purposes of Rule 46." *Id.* at 207-08 (citing 48 U.S.C. § 1904(e)). The Court there relied exclusively on the applicant not meeting the requirement of Rule 46(a) of having a certificate of good standing from a qualifying court.

B. Interpretation of Rule 46(c)

*1. Appearance Pro Hac Vice as an Attorney*

We hold that, in order for an attorney to be allowed to represent an appellant in a particular case under Rule 46(c) without having been admitted to practice before the Court as a member of the Court's bar, the requirements for attorneys set forth in Rule 46(a) must be met. We interpret Rule 46(c) as therefore requiring that the attorney (1) be a person of good moral character and repute; (2) be admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia, or a United States territory or commonwealth within the meaning of 48 U.S.C. § 1904(e)(5); and (3) be in good standing in such court. This interpretation of Rule 46(c) satisfies the statutory requirement that "standards of proficiency" must be met in order for a person to appear as a representative on behalf of an appellant before this Court. This interpretation of Rule 46(c) also recognizes that the term "attorney" appears in both Rule 46(a) ("Admission of Attorneys to Bar of Court") and in Rule 46(c) ("On motion and a showing of good cause, the Court may permit any attorney . . . to appear on behalf of a party or amicus for the purposes of a particular case."), and that the term "attorney" as used in both those subsections of the same Rule must be read consistently. Accordingly, this reading of Rule 46(c) is consistent with the intent, structure, and context of Rule

46. *See Thomas v. Derwinski*, 1 Vet.App. 289, 291 (1991); *cf. King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (when interpreting a statute, the Court is required to look at the context and the provisions of law as a whole); *Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 314 F.3d 1373, 1381 (Fed. Cir. 2003) (holding that regulations interpreting "entitled to receive" language of 38 U.S.C. §§ 1311(a)(2) and 1318 were inconsistent and the Agency failed in its obligation to reconcile regulations under the two statutory provisions); *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1564 (Fed. Cir. 1995) (all parts of a statute must be construed together without according undue importance to a single or isolated portion); *see also Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute."), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456, 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994); 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46:05 (6th ed. 2000) ("each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole" and "the court will not only consider the particular statute in question, but also the entire legislative scheme of which it is a part").

In addition, not only does this interpretation of Rule 46(c) render Rule 46 harmonious in its entirety, it also compares favorably with the Supreme Court's acknowledgment that admission to practice before a Federal court is derivative of membership in a state bar. *See In re Ruffalo*, 390 U.S. 544, 547 (1968). Similarly, this interpretation is harmonious with the Court's Rules of Admission and Practice (A&P Rules). The A&P Rules apply to attorneys and non-attorneys who have been admitted to practice under Rule 46(a) or (b) or permitted to appear under Rule 46(c) of the Court's Rules of Practice and Procedure. U.S. VET. APP. R. ADM. & PRAC. 1(e) (defining "practitioner" as used throughout the A&P Rules). Under A&P Rule 7(b)(1), disciplinary proceedings in this Court are initiated after receipt of evidence that an attorney (or non-attorney practitioner) has been convicted of a serious crime "in any court of the United States, of the District of Columbia, or of any state, territory, commonwealth, or possession of the United States." U.S. VET. APP. R. ADM. & PRAC. 7(b)(1). Under the express terms of A&P Rule 7(b)(1), an attorney allowed to appear on behalf of a party before this Court based only on his or her Philippine bar membership would not be subject to disciplinary proceedings despite his conviction in that country of a serious crime. That

7

would be an illogical result. Accordingly, the A&P Rules encompass only those attorneys who have been admitted to practice in the jurisdiction of the United States or its territories.

Additional support for this result is found in the Model Rules. In its A&P Rules, this Court has stipulated that "unless otherwise provided by specific rule of the Court, the disciplinary standard for practice is the Model Rules of Professional Conduct adopted by the American Bar Association on August 2, 1983, as amended." U.S. VET. APP. R. ADM. & PRAC. 4(a). Although this Court has provided a specific rule regarding *pro hac vice* admissions, and the Model Rules are therefore not directly applicable here, the Court notes that Rule 46 and its interpretation of Rule 46(c) are consistent with Model Rule 5.5, entitled "Unauthorized Practice of Law; Multijurisdictional Practice of Law." Model Rule 5.5 authorizes a lawyer "admitted in another United States jurisdiction" to provide legal services, under certain conditions, "on a temporary basis in this jurisdiction." MODEL RULES OF PROF'L CONDUCT R. 5.5(c) (2006). The comment to this Model Rule notes that this paragraph applies to "lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory or commonwealth of the United States." *Id.* cmt. 7.

The Court notes that under the rule that requires that an attorney be previously admitted in another court within the United States, reliance is largely placed by the court upon the courts of the states to determine the qualifications of persons seeking admission to the bar. In this regard, the state courts ensure that a minimum level of qualification has been achieved by having met a state bar's educational requirements, character requirements, and competence requirements. The Court also recognizes that courts have varying rules with respect to those who are admitted *pro hac vice.* For example, the United States District Court for the District of Columbia provides in its rules that an attorney seeking admission to practice *pro hac vice* must be a member in good standing of the bar of any United States Court or of the highest court of any state, and all papers must be signed by such counsel and by a member of the bar of the court. U.S. DIST. CT. CV. R. 83.2 (c)(1); U.S. DIST. CT. CR. R. 44.1(c)(1). That court's rule also provides that an attorney seeking to appear *pro hac vice* file a motion signed by a sponsoring member of the bar of that Court, accompanied by a declaration by the non-member that sets forth, among other things, a list of all bars to which the attorney has been admitted. U.S. DIST. CT. CV. R. 83.2 (d); U.S. DIST. CT. CR. R. 44.1(d). The District of Columbia

8

Superior Court allows admission *pro hac vice* under limited circumstances and requires that an applicant be a member in good standing "of the bar of any United States court or the highest court of any state" and "joins of record a member in good standing of the District of Columbia Bar who will at times be prepared to go forward with the case, and who shall sign all documents . . . and shall attend all subsequent proceedings in the action unless this latter requirement is waived." D.C. SUPER. CT. CIV. R. 101; *see also* D.C. APP. R. 49(c)(7). The District of Columbia Court of Appeals also allows applicants to seek a "license to practice as a Special Legal Consultant," if the applicant has been admitted to practice in a foreign country, is in good standing as an attorney in that country, and meets other numerous requirements, such as an intention to maintain an office for such practice in the District of Columbia. D.C. APP. R. 46 (c)(4). In addition, certain other state courts have specific rules that allow the temporary practice by a lawyer admitted to practice in a foreign country under certain circumstances, including performing services that are undertaken in association with a lawyer who is admitted to practice in that state and who actively participates in the matter, *see*, *e.g.*, FLA. R. 4-5.5(d) ("Unlicensed Practice of Law; Multijurisdictional Practice of Law"), N.Y. Court Rules (22 NYCRR) § 520.11 ("Admission pro hac vice").

Regardless of the requirements imposed and allowances made by other courts in their rules, the rules of this Court do not require the temporary admission to practice of one who is not a member of the bar of this Court. This Court has, however, allowed under Rule 46(c) the temporary admission of an attorney upon a showing of good cause. The Court, as discussed above, now holds that Rule 46 does not specifically provide for the admission to practice *pro hac vice* of attorneys admitted in a foreign country, the term "attorney" as used in Rule 46(c) must be interpreted consistently with the term as used in Rule 46(a), and this requires the prior admission by the attorney in another United States jurisdiction. We do not reach the issue of what minimum requirements must be met in order for a qualifying attorney to show "good cause" to allow him or her to practice in this Court *pro hac vice* without having been admitted here. The decision whether to grant *pro hac vice* status is committed to the sound discretion of the Court. *See Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 277 n.2 (1985). The Supreme Court has rejected the argument that *pro hac vice* admissions are protected by either due process or equal protection. *Leis v. Flynt*, 439 U.S. 438, 441-42 (1979) (per curiam) ("Since the founding of the Republic, the licensing and regulation of lawyers

has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct. They also are responsible for the discipline of lawyers.").

In the instant case, Mr. Paredes has not met the requirements to justify his admission *pro hac vice* because he has not shown, at a minimum, that he has been admitted to practice in another United States jurisdiction. Accordingly, Mr. Paredes may not appear as an attorney before this Court pursuant to Rule 46(c). The Court recognizes that many appellants before this Court reside in the Philippines and that there is an interest for those appellants to have the convenience of being represented by counsel whose office is located in the Philippines. Nevertheless, the Court's holding is based on its interpretation of the language in Rule 46(c). This interpretation is reasonable in light of the interests of the Court is ensuring that attorneys appearing before this Court have demonstrated a certain level of qualification by having met a state bar's requirement for education, character, and competence. Moreover, the Court notes that even if the requirement of admission in another United States jurisdiction were not imposed here, Mr. Paredes has not shown that the appellant, who resides in the Philippines, lacks access to attorneys who are licensed and admitted to a bar of the United States. *Cf. Silverman*, *supra*. The appellant, albeit residing in the Philippines, was previously represented by an attorney who is licensed and admitted to a bar of the United States. In addition, Mr. Paredes has not demonstrated any unique relationship with the appellant, for example, that he has previously represented the appellant in other legal matters, that might place him in a better position to represent the appellant than an attorney who has been admitted to this Court's bar. Such circumstances, including lack of access to other attorneys or a unique relationship, may contribute to a showing of good cause.

Our colleague notes that other courts allow by specific rule for the admission *pro hac vice* of attorneys admitted in a foreign country. He also provides a set of criteria, if satisfied, under which he would admit Mr. Paredes *pro hac vice* to practice before this Court. That set of criteria, however, goes beyond interpreting our Rule 46(c) and imposes new requirements that essentially rewrite or amend our existing rule and would also require the amendment of Rule 7(b)(1) of our A&P Rules that, as discussed above, provides for the initiation of disciplinary proceedings in this Court after receipt of evidence that an attorney has been convicted of a serious crime "in any court of the United

10

States, of the District of Columbia, or of any state, territory, commonwealth, or possession of the United States." U.S. VET. APP. R. ADM. & PRAC. 7(b)(1). Our current A&P Rules do not provide for the initiation of disciplinary proceedings after receipt of evidence that an attorney, who resides in a foreign country, has been convicted of a serious crime in the foreign country. Our colleague's preferred set of criteria would not offer protections in the face of such conviction but would require this Court to wait until the Philippine courts acted in connection with a disciplinary complaint.

Significantly, as noted above, the current language of Rule 46(c) does not contemplate the admission *pro hac vice* of attorneys licensed only in a foreign country or countries. By adopting our colleague's new detailed requirements, the Court would be bypassing the Court's established rule-promulgating procedures that usually include either public comment or recommendations or both from the Rules Advisory Committee. *See* 38 U.S.C. § 7264(a) ("proceedings of the Court . . . shall be conducted in accordance with such rules of practice and procedure as the Court prescribes"); 28 U.S.C. § 2071(b) ("Any rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment."); § 2071(e) ("If the prescribing court determines that there is an immediate need for a rule, such court may proceed under this section without public notice and opportunity for comment, but such court shall promptly thereafter afford such notice and opportunity for comment."); U.S. VET. APP. R. 40(a) ("The Court will have a Rules Advisory Committee . . . for the study of, and advice to the Court on possible changes to, rules of the Court, either sua sponte or at the request of the Court."). The Court's bar and the public should have the opportunity to provide input – indeed, the Court should have the benefit of such input – on such a far-reaching change in the Court's practice and proceedings.

Although our colleague's proposed set of criteria appears to offer protections both for the appellants and the integrity of the Court and warrants serious consideration, such consideration should be undertaken, not by a panel of judges, but by the full Court as part of a rules change proceeding. The Court declines, however, sua sponte to stay indefinitely consideration of the motion to appear *pro hac vice* in the instant case pending potential Court consideration of a possible rule change to Rule 46(c) to address the matter of *pro hac vice* appearances by attorneys admitted to practice in a foreign country. Instead, the Court decides the instant motion based on the current

11

language of Rule 46.

### 2.  *Appearance Pro Hac Vice as a Non-attorney Representative*

This is not the end of the matter because an attorney not qualified to appear *pro hac vice*, or not showing "good cause" to appear *pro hac vice* as an attorney representative, may nevertheless be able to appear *pro hac vice* as a non-attorney representative.  *Cf. Thomas*, 289 Vet.App. at 291 (noting that the "showing of good cause required for allowing Rule 46(c) *pro hac vice* representation "cannot be the same" for both an attorney and a non-attorney).  The Court next will construe Mr. Paredes' motion as one seeking to appear as a non-attorney representative*,* and the Court will consider whether he meets the non-attorney criteria under Rule 46.  As stated in *Thomas*, *supra*, there are four categories of non-attorneys who may appear before the Court under Rule 46.  The four categories are:

1. Those admitted to practice under the direct supervision of an attorney admitted to the bar of the Court;

2. Those employed by an organization which is chartered by Congress, is recognized by the Department of Veterans Affairs for claims representation, and provides a written statement signed by the organization's chief executive officer certifying to the employee's:  (a) understanding of the procedures and jurisdiction of the Court and of the nature, scope, and standards of its judicial review; and (b) proficiency to represent appellants before the Court;

3. Those appearing *pro se*; and

4. Those who, on motion and upon a showing of good cause, may be permitted by the Court to appear for the purpose of a particular case.

*Thomas,* 1 Vet.App. at 291.  The first three categories do not apply here.  With respect to the fourth category, the Court in *Thomas* noted that the showing of "good cause" under the fourth category as to a non-attorney representative who is not accountable either to an attorney or a chartered and recognized veterans' service organization, is for the protection of both the appellant and the Court's integrity.  *Id.*  Permission to appear in such capacity is limited to those circumstances where the showing of good cause satisfies the intent, structure, and context of Rule 46.  Such a showing generally requires:

(1) that there be a special relationship, other than contractual, between

12

an appellant and the non-attorney; (2) that no fee be charged by the non-attorney for representation services rendered; and (3) that special circumstances exist that limit the ability of the appellant to otherwise proceed *pro se*.

*Id*. The Court has "wide discretion" in interpreting the term "good cause," and when exercising such discretion, will consider the "context of the language of the rule and the specific situation presented" in each case. *Id*. The Court concludes that because Mr. Paredes entered into a fee agreement with the appellant, Mr. Paredes may not appear *pro hac vice* before the Court pursuant to Rule 46(c) as a non-attorney representative.

In light of the Court's denial of the motion of Mr. Paredes to appear *pro hac vice*, the Court deems it appropriate that, in order to permit the appellant to make possible arrangements for representation, proceedings be stayed for 90 days after the date of this opinion.

### III. CONCLUSION

Because the requisite showing has not been made in the instant case, the Court will deny the motion to permit Mr. Paredes to appear before the Court, pursuant to Rule 46(c), as an attorney or as a non-attorney representative in this case. The appellant is to proceed with this appeal either *pro se* or with representation that meets the requirements of Rule 46. The Clerk will return to Mr. Paredes the brief he submitted on behalf of the appellant. The Court will sua sponte stay the proceedings in this appeal for 90 days from the date of this opinion to permit the appellant to make possible arrangements for representation. Accordingly, the appellant, not later than 90 days after the date of this opinion, shall file with the Court notification as to whether she is proceeding pro se or whether she has obtained representation. This case is withdrawn from the panel.

KASOLD, *Judge,* concurring in part, dissenting in part: I concur in the denial of Mr. Paredes' motion for admission as representative of the appellant, Mrs. De Guzman, on the facts as they presently exist. However, I disagree with the majority's incorporation into Rule 46(c), the Rule 46(a) requirement that attorneys "be admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia or a United States territory or

13

commonwealth" before they may be admitted to practice before the Court *pro hac vice*. This restrictive, re-writing of the Rule so that attorneys may not practice before the Court even on a limited basis and with good cause, without having to become a member of one of the bars so noted, should be accomplished only through our normal rule-promulgating procedures.[1] This is particularly so since Rule 46(c) itself makes no reference back to subsection (a) and was designed specifically to permit admission for good cause on a limited basis; indeed it also explicitly applies to "any other person in exceptional circumstances". I do not suggest that the Court cannot impose reasonable criteria for admitting someone to practice before the Court in a particular case, and I recommend some criteria below, but mandating admission before one of the noted bars as a prerequisite for *pro hac vice* admission in every instance imposes a new, unnecessary, and restrictive requirement contrary to the intent of Rule 46(c). Amendment to the rule should only be undertaken after the Court's current bar and the public have had the opportunity to provide input.

The facts in this case certainly warrant consideration of admission *pro hac vice* for good cause, as permitted by Rule 46(c). The Court allowed Mrs. DeGuzman's first attorney on appeal to withdraw on January 5, 2006, and ordered her to file a brief within 60 days. Mrs. DeGuzman, who is indigent and lives in the Philippines, failed to file a timely brief. The Court issued her a show cause order asking why her appeal should not be dismissed. Thereafter, Mr. Paredes, an attorney licensed and working in the Philippines, submitted an appeal brief on her behalf. He is now seeking admission *pro hac vice* so that a brief may be filed on her behalf.

I do not underestimate the concerns that are noted by the majority with regard to admitting attorneys licensed only in a foreign country. Nevertheless, I note that the Supreme Court permits the admission of attorneys to argue *pro hac vice* if they are qualified to practice in the courts of a foreign

---

[1] *See* 38 U.S.C. § 7264(a) ("proceedings of the Court . . . shall be conducted in accordance with such rules of practice and procedure as the Court prescribes"); 28 U.S.C. §§ 2071(b) ("Any rule prescribed by a court, other than the Supreme Court, under subsection (a) shall be prescribed only after giving appropriate public notice and an opportunity for comment."), 2071(e) ("If the prescribing court determines that there is an immediate need for a rule, such court may proceed under this section without public notice and opportunity for comment, but such court shall promptly thereafter afford such notice and opportunity for comment."); U.S. Vet. App. R. 40(a) ("The Court will have a Rules Advisory Committee . . . for the study of, and advice to the Court on possible changes to, rules of the Court, either sua sponte or at the request of the Court.").

14

state, on motion of the counsel of record for the party on whose behalf leave is requested. *See* Sup. Ct. R. 6.; *see also Ohio v. Wyandotte Chem. Corp.,* 401 U.S. 493, 493 (1971). Other courts permit it also; for example, the United States District Court for the Western District of New York specifically provides for the admission *pro hac vice* for attorneys admitted to practice in foreign countries; in addition to filing a verified petition, as required of all *pro hac vice* petitioners, foreign counsel must also obtain local counsel, unless waived by the court. *See* U.S. Dist. Ct. Rules W.D. N.Y. Civil Rule 83.1 and 83.2.

Accordingly, given the circumstances surrounding the need for representation in this case, I would admit Mr. Paredes *pro hac vice* upon his satisfying the Court that he: (1) is a member in good standing of the Supreme Court of the Philippines, (2) has no disciplinary complaints pending against him for violation of the rules of the Philippines courts, (3) has not been suspended or disbarred for disciplinary reasons from practice in any court, (4) has associated with an attorney admitted to practice before the Court, (5) submits an affidavit stating that he has read the Rules of Practice and Procedure and the Rules of Admission and Practice of the Court, (6) will adhere to the American Bar Association's Model Rules of Professional Conduct as adopted by the Court, and (7) will comply with all rules of the Court and revise his Legal Representation Fee Agreement to comply with 38 U.S.C. § 5904(d)(1) so that the fee payable to him will not exceed 20 percent of the total amount of past due benefits awarded.

Contrary to the assertions of the majority, I do not offer these criteria as an amendment to Rule 46(c); rather they are tailored to the circumstances of this case, and offered for application herein, as part of the overall assessment of "good cause shown." Although they might prove to be criteria for consideration in future cases, or even for adoption into our rules at some future time, application in this case would not be binding on any future case. I submit that this is in sharp contrast to the restrictive, rule-amending action undertaken by the majority.