# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-6853

ANTHONY R. McGEE, JR.,                                                    APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.

Before BARTLEY, GREENBERG, and ALLEN, *Judges.*

## O R D E R

On December 7, 2018, self-represented appellant Anthony R. McGee, Jr., filed a Notice of Appeal (NOA) appealing what he stated was a December 7, 2018, Board of Veterans' Appeals decision. However, this was an error as appellant attached to his NOA an August 7, 2018, Board Chairman decision that denied reconsideration of an October 19, 2015, Board decision. The Secretary has moved to dismiss this appeal, arguing appellant's December 7, 2018, NOA was untimely. The Court stayed proceedings to consider the motion to dismiss.

Board decisions must be appealed to this Court within 120 days of the decision's mailing.[1] If a claimant files a motion for Board reconsideration within that 120-day period, the finality of the Board decision is abated and a new 120-day appeal period begins to run on the date the Board mails the claimant notice that the Board Chairman denied reconsideration.[2] An NOA filed within that new 120-day period initiates an appeal of the underlying Board decision.[3] Where an appellant files such an NOA, the NOA may also initiate review of the Board Chairman's denial of reconsideration, but the Court's review of that denial is limited.[4]

Appellant asserts that with his December 7, 2018, NOA he is seeking to appeal the Board Chairman's August 7, 2018, denial of reconsideration of the Board's October 19, 2015, decision. But because he is self-represented and because the Court exercises only limited review of Board Chairman denials of reconsideration, the Court will not construe his appeal so narrowly.[5] Given that appellant filed his motion for Board reconsideration in November 2015 (i.e., within 120 days of the mailing of the October 2015 Board decision), his December 7, 2018, NOA, if filed within

---

[1] 38 U.S.C. § 7266(a).

[2] *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991).

[3] *Id.*

[4] *See Manning v. Principi*, 16 Vet.App. 534, 539 (2002); *Engelke v. Gober*, 10 Vet.App. 396, 399 (1997); *see also Mayer v. Brown*, 37 F.3d 618, 619-20 (Fed. Cir. 1994).

[5] *Losh v. Brown*, 6 Vet.App. 87, 90 (1993) (noting the Court's tradition of liberally construing NOAs of self-represented appellants).

120 days of mailing of the Board Chairman's denial of reconsideration, would have placed both the underlying October 2015 Board decision and the August 2018 denial of reconsideration into appellate status. Because of the limited nature of the Court's review of denials of Board Chairman reconsideration, the Court will liberally construe the December 2018 NOA to apply to the October 2015 Board decision, as well as the August 2018 denial of reconsideration, provided that his NOA was timely filed.[6]

From the date the August 2018 reconsideration decision was mailed, appellant had 120 days to file his appeal. In other words, his NOA was due on December 5, 2018. Instead, he filed his NOA on December 7, 2018, 2 days late.

There's more to the story, however. Appellant maintains he mailed his NOA on December 4, 2018, only electronically filing it with the Court on December 7, 2018.[7] The evidence is not clear on the mailing because there is no record at the Court of receipt of a mailed NOA and appellant has provided no evidence of mailing beyond his statement. But what is apparent is that (1) appellant was attempting to appeal an October 19, 2015, Board decision; (2) in November 2015 he timely (that is, within 120 days of the mailing of that decision) filed a motion for Board reconsideration; (3) the Chairman denied reconsideration on August 7, 2018, making appellant's appeal due in this Court on December 5, 2018; and (4) his NOA was received 2 days late, though he claims he mailed it a day before it was due.

At this point, it would appear the Court would first need to address whether appellant did, in fact, mail his NOA on December 4, 2018, making it timely,[8] or, if the Court concludes the evidence does not establish such mailing, the Court would need to address whether principles of equitable tolling excuse his late filing.[9] But the Court can avoid answering both potentially difficult questions.

The Court, through Miscellaneous Order Number 09-19 (Misc. Order 09-19), recently revised Rule 4 of its Rules of Practice and Procedure.[10] In its revised form, the rule provides that NOAs "received within 30 days after the expiration of the filing deadline" are considered timely if "the appellant demonstrates good cause or excusable neglect for failure to file" within the 120-day window.[11] The revised rule also provides that NOAs "received more than 30 days after the

---

[6] Appellant may ultimately choose to make arguments related only to the Board Chairman's denial of reconsideration. That is his peragotive, but we decline at this stage to so narrowly interpret his NOA that we confine him to these arguments only.

[7] Appellant's Apr. 8, 2019, Response (Resp.) at 5.

[8] *See, e.g.*, *Boyd v. McDonald*, 27 Vet.App. 63, 71 (2014) (noting that, besides the doctrine of equitable tolling, "[o]ther circumstances may also affect the start and running of the 120-day appeal period," such as circumstances allowing claimants to rebut the presumption of regularity in VA's mailing of documents).

[9] U.S. Vet. App. R. 4(a)(3)(B)(ii); *see Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order).

[10] *See In re: Rules of Practice and Procedure*, U.S. Vet. App. Misc. Order No. 09-19 (June 21, 2019), www.uscourts.cavc.gov/miscellaneous-orders.php.

[11] U.S. Vet. App. R. 4(a)(3)(B)(i).

expiration of the filing deadline" can be considered timely if equitable tolling is warranted.[12] Misc. Order 09-19 provides that this rule was "published and [] effective" on June 21, 2019.[13] But the order did not state whether the rule change was intended to apply only to NOAs filed after that date or, should a motion to dismiss be filed, to all claims pending as of that date.

This is a crucial ambiguity. Thus, a panel of the Court was formed to decide whether the revision applies only to NOAs filed after June 21, 2019, or to all claims pending as of that date.. If the revised Rule 4 applies only to NOAs filed after June 21, 2019, then this appeal must be dismissed--unless we can find that appellant mailed his NOA on December 4, 2018, or that equitable tolling is warranted.[14] On the other hand, if the revised Rule 4 applies to all appeals pending as of June 21, 2019, then appellant's NOA could be timely if it was "received within 30 days after the expiration of the filing deadline" and he can show "good cause or excusable neglect for failure to file" within the 120-day window.[15]

Under 38 U.S.C. § 7264(a), we may prescribe the rules of practice and procedure parties must follow when appearing before us. This statutory grant of authority necessarily implies we have the authority to interpret those rules, including whether a rule revision applies only to appeals that postdate the revision or also to claims that pre-date the revision.[16] The Supreme Court of the United States has explained that courts should be mindful of "the need for flexibility" and should "avoid[] mechanical rules" when equity is at issue.[17] Instead, courts should proceed on a "case-by-case basis."[18] The United States Court of Appeals for the Federal Circuit has also explained that reading section 7266(a), "Notice of appeal," to require "ruthless application of the [NOA filing] time limit is somewhat arbitrary."[19] The 120-day rule is "an important procedural rule," but "was not meant to have jurisdictional attributes."[20]

Given the guidance by both the Supreme Court and the Federal Circuit and bearing in mind interpretive doubt must be resolved in favor of the veteran,[21] the Court interprets Misc. Order 09-19 to apply to all appeals pending at the Court as of June 21, 2019, regardless of when the NOA

---

[12] *Id.*; R. 4(a)(3)(B)(ii); *see Bove*, 25 Vet.App. at 140.

[13] *See supra* note 7.

[14] *See Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014).

[15] U.S. VET. APP. R. 4(a)(3)(B)(i).

[16] *See, e.g.*, *In re Application for Admission of Gere Unger*, 16 Vet.App. 205 (2002) (per curiam order) (interpreting Rule 46(a)'s requirement that attorneys practicing before this Court provide a certificate of good standing from "the highest court of any . . . United States territory or commonwealth"); *see also DeGuzman v. Nicholson*, 20 Vet.App. 526 (2006) (interpreting Rule 46(c)'s requirements for attorneys to practice before this Court); *Thomas v. Derwinski*, 1 Vet.App. 289 (1991) (interpreting the meaning of "good cause" in Rule 46(c)).

[17] *Holland v. Florida*, 560 U.S. 631, 650 (2010).

[18] *Id.*

[19] *Bailey v. West*, 160 F.3d 1360, 1368 (Fed. Cir. 1998), *overruled on other grounds by Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc), *rev'd*, 562 U.S. 428 (2011).

[20] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 528, 438 (2011).

[21] *See Henderson*, 562 U.S. at 441.

itself was filed.[22] Thus, because appellant filed his NOA 2 days late and therefore within "30 days after the expiration of the filing deadline," appellant's NOA may still be timely if there is "good cause or excusable neglect" for his failure to file within the 120-day window.[23]

Here, appellant argues his failure to file should be excused because of "procedural issues" that "pierced the veil of the 120-days."[24] Appellant alleges he "received duplicate(s) of the Board's [decision] at three junctures with two different dates and three different time stamps."[25] On appeal to this Court, the Secretary himself was confused about what decision was on appeal as he initially filed a December 7, 2018, Board decision, later correcting the record with an October 19, 2015, Board decision.[26] In a nonlegal sense, the administrative record here is "messy."

The Secretary hasn't given the Court any reason to doubt appellant's assertion that he "received duplicate(s) of the Board's [decision] at three junctures with two different dates and three different time stamps."[27] And there's no question the sequence of events involving multiple decisions and repeated mailings was confusing. Given this, and considering both the revisions to Rule 4 and "the need for flexibility" when enforcing procedural bars in Federal courts when equity is in play,[28] the Court holds appellant had good cause for filing his NOA 2 days late. The Secretary's motion to dismiss is denied, appellant's NOA is accepted as timely, the Court lifts the stay of proceedings, and this appeal will continue in accordance with the Court's rules.

It is

ORDERED that appellant's December 7, 2018, Notice of Appeal is accepted as timely. It is further

ORDERED that the Secretary's motion to dismiss is denied. It is further

ORDERED that the stay of proceedings in this matter is lifted. It is further

ORDERED that the Secretary serve appellant with a copy of the Record Before the Agency within 30 days of the date of this order and inform the Court in accordance with Rule 10 of the Court's Rules of Practice and Procedure.

DATED: August 20, 2019                                             PER CURIAM.

---

[22] We note that when we have revised our Rules of Practice and Procedure and intended them to apply only to filings after a certain date, we have explicitly said so. *See, e.g.*, *In Re: Rules of Practice and Procedure*, U.S. VET. APP. MISC. ORDER NO. 03-08 (Mar. 19, 2008), https://www.uscourts.cavc.gov/documents/MiscOrder-03-08a.pdf (applying revisions to Rules 10, 11, and 28 to "all appeals filed at the Court on or after April 1, 2008").

[23] U.S. VET. APP. R. 4(a)(3)(B)(i).

[24] *See* Appellant's Apr. 8, 2019, Resp. at 5.

[25] *Id.* at 7.

[26] *See generally* Secretary's Feb. 11, 2019, Motion.

[27] Appellant's Apr. 8, 2019, Resp. at 7.

[28] *Holland*, 560 U.S. at 650.