# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 11-3375

Bobby G. Smith,                                                  Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs,                                   Appellee.

Before HAGEL, MOORMAN, and GREENBERG, *Judges*.

## O R D E R

Currently before the Court is the parties' September 13, 2013, joint motion to recall the Court's judgment based on the recent decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 725 F.3d 1312 (Fed. Cir. 2013). The Court denies the parties' motion because it does not demonstrate satisfaction of the burden of persuasion necessary to support a motion to recall judgment.

## I. BACKGROUND

### A. *National Organization of Veterans Advocates, Inc. v. Secretary of Veterans Affairs*

Since September 9, 2011, the Secretary has been engaged in litigation with the National Organization of Veterans' Advocates, Inc. (NOVA) regarding a direct final rule VA published in the *Federal Register* on August 23, 2011. The new rule (2011 Rule) eliminated veterans' hearing rights under 38 C.F.R. § 3.103 for hearings before the Board of Veterans' Appeals (Board). Specifically, the 2011 Rule abrogated the Court's holding in *Bryant v. Shinseki*, 23 Vet.App. 488 (2010), by "clarify[ing] that the provisions regarding hearings before the Agency of Original Jurisdiction (AOJ) do not apply to hearings before the Board."[1] 76 Fed. Reg. 52572 (Aug. 23, 2011). In a petition to the Federal Circuit, NOVA asserted that VA's rule violated veterans' hearing rights and was promulgated in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 553, which requires a public notice and comment period for substantive rule changes. *See Nat'l Org. of Veterans Advocates*, 725 F.3d at 1314.

---

[1]The regulation, 38 C.F.R. § 3.103, requires a hearing officer "to fully explain issues still outstanding that are relevant and material to substantiating the claim" and to "suggest that a claimant submit evidence on an issue material to substantiating the claim when the record is missing any evidence on that issue or when the testimony at the hearing raises an issue for which there is no evidence in the record." In *Bryant*, the Court clarified that these duties applied not only to hearings before the AOJ, but to hearings before the Board. *Bryant*, 23 Vet.App. at 493-98.

During the course of the Federal Circuit's review, VA conceded that the rule was improperly promulgated in violation of the APA and was therefore invalid and void *ab initio*. *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 710 F.3d 1328, 1332 (Fed. Cir. 2013) (show cause order). VA promised to revoke the 2011 Rule and, beginning March 5, 2012, agreed that the Board would stop applying it in decisions. *Id*. at 1331. VA, however, failed to stop the Board from applying the invalid rule and conducted itself in such a way that prompted the Federal Circuit to consider sanctions. *See id.* After further assurances from VA that it would remedy its mistakes, the Federal Circuit ordered VA to provide "a plan for how VA intends to identify and rectify harms caused by VA's failure to abide by its representations" and explain "why VA's plan renders sanctions proceedings unnecessary." *Id*. at 1335.

Pursuant to the Federal Circuit's order, and under the threat of sanctions, VA submitted a proposed plan that outlined a broad remedy to identify and notify all claimants harmed by the 2011 Rule, including those who received a Board decision issued between the date of the invalid rule's publication–August 23, 2011–and the date the Federal Circuit eventually approved the plan–August 5, 2013. Sec'y May 20, 2013, Proposed Plan at 1-2. VA proposed to search a legal database for the following broad terms to identify affected cases: "hearing on appeal" in combination with 38 C.F.R. § 3.103, *Bryant*, or the *Federal Register* notice for the 2011 Rule. *Id.* at 2. The Secretary clarified, in a subsequent submission to the Federal Circuit, in pertinent part, that "[i]n any case in which the Board applied the 2011 Rule" and in which the U.S. Court of Appeals for Veterans Claims affirmed the Board decision and issued its judgment or mandate, "VA will offer to submit . . . a Joint Motion to Recall Mandate and a Joint Motion for Remand so that the Board may correct any application of the 2011 Rule." Sec'y Response to Order Requesting Clarification at 3-5; *see Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 517 Fed. Appx. 940, 941, 2011-7191, 2013 WL 2462191, *1 (Fed. Cir. June 10, 2013) (order seeking clarification of the Secretary's proposed plan).

On August 5, 2013, the Federal Circuit approved VA's plan as amended and declined to issue sanctions. *Nat'l Org. of Veterans Advocates*, 725 F.3d at 1314-15.

B. *The Present Case*

On September 13, 2013, the parties in the present case filed a joint motion to recall the Court's judgment, citing the August 2013 *NOVA* decision. By way of background, the appellant in this case, Bobby G. Smith, filed pro se a Notice of Appeal on October 31, 2011, from an October 26, 2011, Board decision that denied entitlement to an effective date earlier than July 3, 2006, for the grant of service-connection benefits and assignment of a 100% disability rating for post-traumatic stress disorder (PTSD). The appellant later obtained counsel and proceeded as represented in all subsequent stages of the case, including the briefing stage. In his brief, he presented a single assertion of error: that the Board failed to apply 38 C.F.R. § 3.156(c) (2011).

The appellant did not claim any error in the Board's statement of the law or analysis with regard to a video conference hearing in September 2011 before the Board. With regard to the hearing, the Board did not rely on the invalid 2011 Rule, and instead stated:

In *Bryant v. Shinseki*, 23 Vet.App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) (2009) requires that the Veterans Law Judge who chairs a hearing fulfill two duties to comply with the above [ ] regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the hearing, the Veterans Law Judge outlined the issue on appeal and suggested that any evidence tending to show that a viable claim was filed prior to July 3, 2006[,] would be helpful in establishing the earlier effective [date of the] claim. Moreover, neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2); they have not identified any prejudice in the conduct of the Board hearing.

Record (R.) at 6.

On May 21, 2013, this Court issued a memorandum decision holding that the Board did not err in declining to discuss or apply § 3.156(c) and affirming the October 2011 Board decision. *Smith v. Shinseki*, U.S. Vet. App. No. 11-3375 (May 21, 2013). On June 11, 2013, the appellant filed a timely motion for single-judge reconsideration of the Court's decision or, in the alternative, for a panel decision. None of the appellant's pleadings asserted error in the Board's hearing analysis. By an order dated July 10, 2013, the Court denied the motion for reconsideration of the single-judge memorandum decision, granted the motion for a panel decision, and ordered that the single-judge decision remains the decision of the Court. Judgment entered on August 1, 2013.

As noted above, the parties filed a joint motion to recall the Court's judgment on September 13, 2013. The motion stipulated that "this case was identified through the use of search terms set forth in VA's plan in the *NOVA* litigation" and that relief was warranted, given the unusual circumstances surrounding the *NOVA* litigation. The parties, however, acknowledged the following in a footnote:

> Although no application of the 2011 Rule is apparent from the Board's decision, VA is mindful of the Federal Circuit's goal of "assuring that no veteran who is entitled to procedural and due process benefits under 38 C.F.R. § 3.103 will be denied such benefits." To further this goal and ensure that any affected veterans obtain relief, VA is offering the opportunity for a new Board decision to any claimant whose previous decision meets the technical criteria of the plan, regardless of whether actual prejudice is apparent.

Jt. Motion for Recall Judgment at 3 n. 1 (internal citations omitted). On September 25, 2013, the parties filed, out of time, a joint motion to remand the Board's decision for application of the correct law concerning hearings. Accordingly, the Court will now consider the parties' joint motion for recall of judgment and remand.

3

## II. LAW AND ANALYSIS

### A. *Burden of Persuasion Necessary to Support a Motion to Recall Judgment*

Once the Court's judgment has entered in a case–generally 21 days after the decision was issued–the decision may not be modified, except through appeal to the Federal Circuit. U.S. VET. APP. R. 41(b). The parties have, unless otherwise specified, 60 days after judgment has entered to file an appeal to the Federal Circuit. *Id*. If neither party appeals within 60 days, then the Court's mandate enters and the "judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291." U.S. VET. APP. R. 41(a).

### 1. Recalling Mandate

Here, the parties ask the Court to recall its judgment in a case in which judgment, but not mandate, has entered. The Court has previously addressed its power to recall its mandate. In *McNaron v. Brown*, the Court stated that it has the discretion to set aside any judgment in a case "where necessary to protect the integrity of its own processes." 10 Vet.App. 61, 63 (1997) (*McNaron I*). The Court further stated that "such discretion may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *Id*. (quoting *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir.1988)). The Court did not specify whether this "good cause plus unusual circumstances" standard applied to cases in which only judgment, and not mandate, had entered. However, *McNaron I* and subsequent caselaw have applied this standard to cases in which a litigant sought recall of mandate. *See McNaron v. West*, 12 Vet.App. 334, 336 (1999) (*McNaron II*) ("The power of this Court to recall its mandate 'can be exercised only in extraordinary circumstances. . . . The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" (quoting *Calderon v. Thompson*, 523 U.S. 538, 550 (1998))); *see also Serra v. Nicholson*, 19 Vet.App. 268, 271-72 (2005) ("[The] discretion [to recall mandate] may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of prior judgement.' 'Even if authority to recall mandate still exists, it should be exercised sparingly, and only upon a showing of exceptional circumstances.'" (internal citations omitted)). Thus, lest there be any confusion regarding the interpretation of these cases, they stand for the proposition that recall of mandate requires the parties to show *both* good cause *and* unusual circumstances.

### 2. Recalling Judgment–The Good Cause Standard

However, the Court has not specifically announced the standard it will apply to determine whether recall of judgment is appropriate in cases in which mandated has not yet entered. The U.S. Court of Appeals for the Fourth Circuit (Fourth Circuit) has held that recalling a court's entry of judgment does not require a showing of unusual circumstances. *Wilson v. Ozmint*, 357 F.3d 461, 464 (4th Cir. 2004) (stating that a court has broad discretion to recall its judgment, "without need of finding that the case presents the sort of 'grave, unforseen contingencies,' which would be necessary

4

to recall a mandate that had already issued."). Today the Court adopts the Fourth Circuit's reasoning and holds that the standard for recalling this Court's judgment requires the parties to show good cause, but does not require the additional showing of "unusual circumstances" required for recall of mandate.

Logic supports the Court's adoption of this rule. Although the entry of judgment is a significant event in the life of a case before this Court, it signals only the beginning of the period in which the appellant may appeal a decision to the Federal Circuit. In that sense, although the Court has issued its decision, that decision may not stand if appealed to and reversed by the Federal Circuit. By contrast, when mandate issues at the expiration of the appeal period, the decision of the Court is final and unappealable. As such, it is likely that the parties (and even nonparties) have conformed their conduct or acted based on the holding announced in the decision. Thus, it is reasonable that the Court should hold the parties to the higher standard when recall of mandate is sought and to the lower, "good cause," standard when the parties seek recall of judgment.

Although the parties in this case have a lower burden of persuasion, they must nevertheless show good cause before the Court will exercise its discretion and recall judgment. "Good cause" is defined generally as a "legally sufficient reason" for an action and is "often the burden placed on a litigant (usu[ally] by court rule or order) to show why a request should be granted or an action excused." BLACK'S LAW DICTIONARY 251 (9th ed. 2009).

> "'[G]ood cause' depends upon circumstances of individual case, and finding of its existence lies largely in discretion of . . . court to which decision is committed. It is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented."

*Thomas v. Derwinski*, 1 Vet. App. 289, 290-91 (1991) (quoting BLACK'S LAW DICTIONARY 692 (6th ed. 1990)). The Court in *Thomas* observed, in the context of interpreting the Court's rules on representation before the Court, that "[i]n interpreting the term 'good cause' . . . it is clear that this Court has wide discretion, and that in exercising such discretion, both the context of the language of the rule and the specific situation presented are highly relevant." *Id*. at 291; *DeGuzman v. Nicholson*, 20 Vet.App. 526, 535 (2006). In this case, as in *Thomas*, context dictates whether the parties have satisfied their burden of demonstrating good cause.

### B. *Application of the "Good Cause" Standard*

To demonstrate good cause for the Court to recall its judgment, the parties here must show that the present case was contemplated by VA's plan and supplemental response, submitted to and approved by the Federal Circuit in conjunction with the NOVA litigation. Looking to those documents for guidance, the Court discerns that they indicate an intent to identify and offer remedial relief to litigants who were clearly adversely affected by the Board's application of the invalid 2011 Rule or, at the very least, those who were possibly adversely affected where it is unclear which rule

5

the Board applied. *See, e.g.*, Respondent's June 27, 2013, Submission at 3 (specifying that the Secretary would seek remand "[i]n any case in which the Board applied the 2011 Rule against a claimant. . . .").

The parties have failed to demonstrate good cause for recalling the Court's judgment in this case because it is clear on the face of the Board's decision that the Board cited and applied the correct law and not the invalid 2011 Rule. Further, in their joint motion to the Court, the parties admit that the Board did not apply the 2011 Rule. Thus, the Court holds that where, as here, the parties have not shown, and the Court cannot discern, that the Board did or may have applied the invalid 2011 Rule, the parties have not demonstrated good cause for their motion and the Court will not exercise its discretion to recall its judgment.

The Court cannot accept the parties' implicitly suggested course of action that it, pro forma, vacate its judgment and remand any and all cases identified by a computer search that is based on the use of broad search terms used by VA to locate those cases that are *potentially* affected by the Federal Circuit's order. First, the parties' reliance solely on the search terms to identify candidate cases for recall of judgment (or mandate) ignores the important predicate–laid out by VA in its May 20, 2013, plan–that the Board must have actually applied the invalid 2011 Rule. *See, e.g.*, Respondent's May 20, 2013, Response to Show Cause Order at 4 (offering to submit a joint motion for remand for cases before this Court "so that the Board may correct any application of the 2011 rule"); Respondent's May 20, 2013, Proposed Plan at 1 (specifying that the plan is "[t]o remedy any harm from application of the 2011 Rule").

Second, the search terms potentially identify all, or nearly all, cases in which the veteran elected to testify before the Board, including Board decisions that applied the correct, valid law. Although applying broad search terms may have been helpful, and perhaps required, in VA's quest to identify all potentially affected cases, reliance on those very broad search terms alone is only the first step and cannot be used as a substitute for legal analysis as to whether good cause exists, under the circumstances of each particular case, to recall the Court's judgment. The parties, by relying solely on these search terms, and not on supportable legal analysis and argument, have  failed to present the Court with any articulable reason to exercise its discretion to recall its judgment here. By referring to the Court those cases that meet the general search terms, the parties seek to shift the responsibility to the Court to make the more detailed analysis required to determine whether a case so identified meets the more restrictive terms of the Federal Circuit's order.

Although the parties present virtually no argument as to why the Court *should* exercise its discretion, several reasons exist for the Court not to exercise its discretion. To vacate judgment and remand in this case and others where the Board applied the correct rule will waste judicial resources necessary in remanding finally, and correctly, decided cases. It will also unnecessarily expend agency resources in re-adjudicating identically the issue concerning the appellant's hearing. We will not return a case to the Board where no error has been established and where the only result will be for the Board to do what it has already done. *See Soyini v. Derwinski,* 1 Vet.App. 540, 546 (1991) (holding that remand is unnecessary where it would impose additional burdens on the Board with

no benefits flowing to the veteran).

We hold that this Court has no obligation to recall its judgment based on a joint motion to do so that presents no good cause for the Court to so exercise its discretion. The Court recognizes that the Federal Circuit has accepted the Secretary's assurance that he would seek remand of a broad class of cases to ensure that no appellant was harmed by the Secretary's failure to promptly and completely implement the remedy devised in the NOVA litigation. And, today the Court does not circumvent the plan established by VA in litigation before the Federal Circuit. Rather, the Court clarifies that where there is no error in the Board analysis of hearing rights and no reasonable possibility that such harm occurred, the Court is confident that the Federal Circuit would not intend for this Court to implement a completely hollow and therefore wasteful remedy.

C. *Procedure*

Judgment entered in this case on August 1, 2013. On September 13, 2013, 43 days after judgment entered, the parties filed their joint motion to recall judgment. Accordingly, 17 days remained before mandate was due to enter. When the parties filed their joint motion for recall of judgment, they neglected to file a concurrent motion to stay proceedings. *See* U.S. VET. APP. R. 27(f) (stating that "[f]iling a motion does not suspend proceedings or otherwise alter the schedule for filing documents unless the Court grants the motion"). However, in the interest of fairness and judicial efficiency, the Court will sua sponte stay its proceedings in this case nunc pro tunc to the date of the parties' joint motion to recall judgment. *See* U.S. VET. APP. R. 5(a). Accordingly, at the issuance of the present order, the Court's sua sponte stay will be lifted, the preexisting schedule will resume, and mandate will enter 17 days after the date of this order. *See* U.S. VET. APP. R. 5(b); U.S. VET. APP. R. 41(b)(3) (Mandate generally enters 60 days after the entry of judgment unless the Court directs otherwise).

Upon consideration of the foregoing, it is

ORDERED that the Court's sua sponte stay of proceedings nunc pro tunc to the date of the parties' motion to recall judgment is lifted. It is further

ORDERED that the parties' joint motion to recall judgment is DENIED. It is further

ORDERED that the parties' motion for leave to file out of time a joint motion for remand is DENIED. It is further

ORDERED that the Court will direct the Clerk to enter mandate in this case 17 days after the date of this order.

DATED: January 13, 2014                                             PER CURIAM.